**Gerald Daniel WALKER, Plaintiff-Appellant,**

v.

**Earl Joseph KRUSE, Defendant-Appellee.**

**No. 72-1346.**

United States Court of Appeals, Seventh Circuit.

Argued April 17, 1973.

Decided Aug. 20, 1973.

Rehearing Denied Sept. 18, 1973.

Jerold S. Solovy and Richard C. Bollow, Chicago, Ill., for plaintiff-appellant.

Tom L. Yates, Robert Guritz, Chicago, Ill., for appellee.

Before HASTINGS, Senior Circuit Judge, and CUMMINGS and STEVENS, Circuit Judges.

STEVENS, Circuit Judge.

Plaintiff appeals from an order dismissing his malpractice action against a lawyer who was appointed to provide him with legal advice in defending a charge of attempted murder and aggravated battery. Plaintiff was found guilty in November, 1969, and sentenced to the Illinois State Penitentiary for a term of 16 to 20 years. In this litigation he accuses the defendant of negligence in failing to carry out various requests which plaintiff made before, during, and after the criminal trial. After deciding preliminary motions, the district court dismissed the complaint, holding that a civil action questioning the competency of defendant's professional services should not go forward until plaintiff had exhausted state procedures, including habeas corpus, whereby his criminal conviction might be overturned on that ground. In effect, the district court dismissed the complaint on abstention grounds.

We believe the lower court should not have abstained. Jurisdiction is based on diversity of citizenship, and the complaint raises only issues of state law. Except in extraordinary situations, federal courts should not abstain from deciding state law issues in diversity cases. See Meredith v. Winter Haven, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9.

Moreover, after the district court's decision, the Illinois Supreme Court affirmed plaintiff's conviction and denied his petition for writ of habeas corpus. Walker v. Pate, 53 Ill.2d 485, 292 N.E.2d 387 (1973). Therefore, even if the basis for the district court's action were correct, there no longer is any reason why this matter should not be decided. We are convinced that the Illinois courts would dismiss this action on any of several grounds.

We are assured by counsel that the competency of counsel question was raised on appeal, but the Supreme Court's exhaustive opinion never specifically addressed it. Apparently the court saw no merit in it whatsoever: "There are other contentions which the defendant makes, but the clear want of merit in them warrants our not formally discussing them in detail in this already

lengthy opinion." *Id.* at 399. This holding by the Illinois Supreme Court might very well bar relief in plaintiff's malpractice action. Plaintiff correctly observes that the standard of proof in a malpractice action might not be as strenuous as it is when questioning the constitutional adequacy of counsel. However, there is sufficient similarity that an Illinois civil court might dismiss the complaint when the Supreme Court has found a "clear want of merit" in the contention.

Alternatively, the Illinois courts might require an allegation of innocence. On the record before us we must assume that plaintiff is in fact guilty of the crime of which he was convicted. He does not allege otherwise; he primarily contends that his conviction might have been avoided if the defendant had complied with certain tactical requests relating to the possible suppression of incriminating evidence. In these circumstances, it is questionable whether the Illinois courts would conclude that the defendant's alleged professional shortcomings proximately caused an injury to the plaintiff which entitles him to damages. An Illinois court might well hold, as a matter of law, that a criminal conviction cannot support a malpractice claim unless the plaintiff is able to establish his actual innocence.[1]

█ Illinois also has a firmly established policy of requiring the plaintiff advancing a negligence claim to plead and prove his own freedom from contributory negligence.[2] In view of the rather unusual relationship between plaintiff and defendant during the criminal proceedings, it is doubtful that plaintiff could satisfy this requirement. The references to the criminal trial which are before us make it quite plain that plaintiff retained control of his own defense and utilized defendant's assistance only as he pleased; he did not entrust responsibility for the conduct of the trial to counsel, and therefore cannot properly claim that counsel served in a typical fiduciary capacity.[3] Since the complaint, as illuminated by the various exhibits and attachments in the record, makes it clear that plaintiff participated significantly in, and interfered with, the conduct of the trial, an Illinois court might well conclude, as a matter of law, that plaintiff's own contribution to the ultimate outcome should foreclose any recovery on a negligence theory.

Moreover, there are strong reasons of policy which might persuade the Illinois courts to hold that a lawyer, who has been appointed to serve without compensation in the defense of an indigent citizen accused of crime, should be immune from malpractice liability. Requiring such lawyers to defend charges such as this can only make it more difficult for the Bar to discharge its professional responsibilities which have recently been so greatly enlarged by the Supreme Court's holding in Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed. 2d 530. The reasoning which provides immunity for various public officials, see, *e. g.,* Pierson v. Ray, 386 U.S. 547,

---

1. In Olson v. North, 276 Ill.App. 457 (2d Dist. 1934), on which appellant relies, the plaintiff did allege his own innocence as well as the fact that third persons had confessed to the crime for which he was tried. See 276 Ill.App. at 461–465. Indeed, in this connection, the Illinois courts could require plaintiff to obtain post-conviction relief as a prerequisite to civil relief.

2. See, *e. g.,* Williams v. Rock River Savings and Loan Ass'n, 51 Ill.App.2d 5, 200 N.E. 2d 848 (2d Dist. 1964).

3. The order appointing defendant in the criminal trial reads as follows:

"ON MOTION of the Defendant, acting as Attorney for himself,

"IT IS HEREBY ORDERED AND DECREED that EARL JOSEPH KRUSE, a duly qualified practicing attorney of the State of Illinois, be and he is hereby appointed as counsel for the defendant, DANIEL WALKER, limited in scope as heretofore indicated on the record by the defendant, but subject to further direction of defendant as may from time to time be expressed on the record hereafter."

The foregoing order was entered by Judge Carey on August 29, 1969, and approved by plaintiff Walker *pro se.*

553–554, 87 S.Ct. 1213, 18 L.Ed.2d 288, is also applicable to the performance by private citizens of public services which play such a significant role in the administration of justice.

■■ In a diversity action it is our duty to decide the case as we believe an Illinois court would decide it. In the absence of Illinois precedent precisely in point, we must estimate, as best we can, what an Illinois tribunal would do with this case. Although we are not sure of the theory on which a state court would base its decision, we are convinced that an Illinois court would dismiss this complaint for failure to state a cause of action. The district court is therefore directed to vacate its order of February 22, 1972, and to enter judgment dismissing the complaint with prejudice.

Vacated and remanded with directions.