LILLIT DEIKE, Plaintiff-Appellant, *v.* SEARS, ROEBUCK AND CO., Defendant-Appellee.

First District (4th Division)   No. 82—760

Opinion filed February 10, 1983.

Lawrence W. Leck and Joseph S. Witkowski, both of Chicago (David A. Novoselsky, of counsel), for appellant.

Arnstein, Gluck & Lehr, of Chicago (Arthur L. Klein, Paul L. Leeds, and Jeffrey D. Hupert, of counsel), for appellee.

PRESIDING JUSTICE ROMITI delivered the opinion of the court:

The plaintiff was injured when she slipped in defendant's store, allegedly on a puddle of water. The jury returned a verdict for plaintiff in the amount of $89,000. The trial court granted a new trial holding that it had erred in withdrawing the issue of plaintiff's negligence from the jury. Plaintiff appeals (73 Ill. 2d R. 306(a)), contending:

(1) the trial court erred in holding that the question of plaintiff's negligence was a question for the jury to decide;

(2) that under the doctrine of comparative negligence the trial court should have limited the retrial solely to the issue of what percentage, if any, of negligence should be assessed against the plaintiff for the occurrence.

We find no error and affirm.

On December 6, 1977, plaintiff was shopping at the Sears store in Oak Brook, Illinois. It was snowy outside. She went down to the lower level of the store to purchase a box of Christmas ornaments. After she made the purchase she walked along, looking straight ahead and at the Christmas trees, lights and gifts. She stated that if there had been a sign warning her the floor might be wet, she would have been more careful and would have looked down to see if the floor was wet. As she was walking and looking at the store items, she slipped and fell, allegedly on a puddle of water about 1½ feet long "kind of oblong." She did not see the puddle until after she fell.

Plaintiff was the only occurrence witness. A report of the Sears nurse, who died before the trial, stated there was no foreign object or substances on the floor which would have caused plaintiff's fall.

I

Plaintiff agrees that since she was looking at the displays, she could have walked more carefully by scanning the floor directly ahead of her as she walked. But plaintiff contends she was under no duty to do so and as a matter of law cannot be found negligent for failing to do so since a store expects its customers to look at the display counters instead.

As has been repeatedly held in Illinois, the question of a

plaintiff's negligence is preeminently one for the jury to decide (*Warner v. City of Chicago* (1978), 72 Ill. 2d 100, 378 N.E.2d 502; *Borus v. Yellow Cab Co.* (1977), 52 Ill. App. 3d 194, 367 N.E.2d 277, and cases cited therein), and this is true where the plaintiff has slipped and fallen on some object in defendant's store or fallen on defendant's premises. (*Linde v. Welch* (1981), 95 Ill. App. 3d 581, 420 N.E.2d 490; *Asplund v. Pavlick* (1953), 1 Ill. App. 2d 220, 117 N.E.2d 408, *appeal denied* (1954), 2 Ill. 2d 631; *Dowling v. MacLean Drug Co.* (1928), 248 Ill. App. 270; *Mondl v. F. W. Woolworth Co.* (1961), 12 Wis. 2d 571, 107 N.W.2d 472.) It may be that the jury will decide that plaintiff was not negligent in failing to look at or even glance at the floor where she was walking. But that is for the jury to decide.

## II

The granting of a new trial is a matter lying within the discretion of the trial court, and this court may not reverse unless there is a clear abuse of discretion. (*Ervin v. Sears, Roebuck & Co.* (1976), 65 Ill. 2d 140, 357 N.E.2d 500; *Kerns v. Lenox Machine Co.* (1979), 74 Ill. App. 3d 194, 392 N.E.2d 688.) Likewise where the court may grant either a full retrial or a partial retrial, whether to grant such a limited retrial is also in the sound discretion of the trial court. (*Liodas v. Sahadi* (1977), 19 Cal. 3d 278, 562 P.2d 316, 137 Cal. Rptr. 635; *Caterpillar Tractor Co. v. Beck* (Alaska 1981), 624 P.2d 790.) In addition, a limited retrial should not be granted if it would be prejudicial to either party. (*Rogers v. Chicago & Northwestern Transportation Co.* (1978), 59 Ill. App. 3d 911, 375 N.E.2d 952, *appeal denied* (1978), 71 Ill. 2d 615.) A limited retrial should be granted only if it is clear that no injustice will result. (*Liodas v. Sahadi* (1977), 19 Cal. 3d 278, 562 P.2d 316, 137 Cal. Rptr. 635.) A request for such a trial should be considered with the utmost caution, and any doubts should be resolved in favor of granting a complete retrial. *Liodas.*

Even assuming, *arguendo*, that a partial retrial can ever be granted when the trial court erroneously fails to submit the issue of plaintiff's negligence to the jury, the trial court did not abuse its discretion here in granting a complete retrial since it is not clear that no injustice would result from a partial retrial. In a partial retrial such as plaintiff is seeking, the jury would be instructed that defendant had already been found negligent but that it was to determine the extent of such negligence and also determine if the plaintiff was negligent and, if so, to what degree. But such an instruction would be prejudicial to a fair trial. (*Caterpillar Tractor Co. v. Beck* (Alaska 1981), 624 P.2d 790; *Juvland v. Mattson* (1971), 289 Minn. 365, 184 N.W.2d 423.)

The prejudice would be aggravated in this case because the evidence was close on the question of liability. Liability in this type of case is dependent on the existence of a foreign object causing the plaintiff to fall. The only evidence of the existence of the puddle was that of the plaintiff. Defendant introduced evidence that no puddle existed. Because of the trial court's action, the plaintiff was able to argue to the jury, over defendant's objection, that the trial court had ruled as a matter of law that the plaintiff was not negligent. Since falls are usually due to someone's carelessness, this argument could have confused the jury and led it to believe it must disregard any evidence there was no puddle or that the fall was not due to defendant's carelessness but to plaintiff's. Additionally, the trial court's granting of a new trial was proper because of plaintiff's improper statements in closing argument. Counsel repeatedly argued, over defendant's objection which was sustained, that if plaintiff's pre-existing disability had been aggravated by the accident, defendant was liable not for the amount of the aggravation but for the total disability.

In short, it is not necessary for this court to determine whether a limited retrial could ever be granted when the trial court erroneously fails to submit the issue of plaintiff's negligence to the jury. We believe, after a review of the entire record, that it was not an abuse of discretion for the trial court in this case to grant a total retrial.

Judgment of the trial court is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.