JAMES DUNAVAN, Plaintiff-Appellant, v. FRANK S. CALANDRINO *et al.*, Defendants-Appellees.

Fifth District   No. 5—87—0106

Opinion filed April 21, 1988.

J. Douglas Weingarten, of Chicago (J. Barton Kalish & Colleagues, of counsel), for appellant.

Heyl, Royster, Voelker & Allen, of Springfield (Adrian E. Harless, of counsel), for appellees.

JUSTICE LEWIS delivered the opinion of the court:

Plaintiff, James Dunavan, filed a two-count complaint in the circuit court of Fayette County on July 13, 1984, alleging that his former attorneys, Frank S. Calandrino, J. Jay Robeson, and Michael J. Logan, the defendants herein, had negligently represented him in the prosecution of personal injury and workmen's compensation claims against Langston Enterprises, Inc., and the State of Illinois. On August 31, 1984, plaintiff sought leave to file an amended complaint. Leave was granted on September 12, 1984, and plaintiff filed his first amended complaint.

In response, defendants filed two motions to dismiss. Of these motions, the only one of consequence in this appeal was filed on March 15, 1985, and challenged plaintiff's complaint for failure to state a

cause of action. On April 11, 1985, the circuit court dismissed plaintiff's first amended complaint pursuant to defendants' motion. The court granted plaintiff leave to file an amended complaint within 28 days.

On May 9, 1985, plaintiff filed his second amended complaint in four counts. Count I (breach of contract) and count II (negligence) arose out of the prosecution of the negligence claim against Langston Enterprises, Inc. Count III (breach of contract) and count IV (negligence) arose out of the workmen's compensation claim against the State of Illinois. Defendants again moved to dismiss. The motion was granted on May 31, 1985. Plaintiff was given 28 days to file an amended complaint.

Plaintiff filed his third amended complaint on July 1, 1985. Once again, defendants moved to dismiss pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), claiming that the complaint was insufficient in all counts to state a cause of action. Defendants requested that the court enter an order dismissing each of the counts of the third amended complaint, that judgment be entered in their favor, and that they be awarded their costs.

The court, on September 20, 1985, having reviewed the briefs submitted by the parties and having heard their arguments, found that counts I and II of the third amended complaint would, if proven, fail to show that the actions of defendants were the proximate cause of plaintiff's alleged loss and that the plaintiff would have prevailed in his claim against Langston Enterprises, Inc. The court found that equitable estoppel did not apply and granted defendants' "motion to strike" counts I and II. The court found counts III and IV sufficient to withstand defendants' motion to dismiss.

On March 31, 1986, six months after counts I and II had been dismissed, plaintiff filed a motion for leave to file a fourth amended complaint. Plaintiff's motion was denied on June 10, 1986.

Plaintiff then filed a motion for voluntary dismissal on June 23, 1986. On July 1, 1986, defendants filed a motion for "final order of judgment" as to counts I and II of plaintiff's third amended complaint. These motions came before the court for hearing on July 31, 1986.

The court heard arguments and a docket entry dated July 31, 1986, reflects the court's findings. The court found that

"in order for something to be dismissed, however absolute the [right] may be, it has to exist. By virtue of final disposition earlier *** [counts] I & II long ago were dismissed and that part

of this litigation terminated. Such [counts] do not now exist for [section] 2—1009 [of the Code of Civil Procedure] to apply to, and as a matter of entering a written Final Judgment on what the court has previously acted upon[,] Final Order of [Judgment] as to [counts] I & II is now entered & filed; [plaintiff's] Voluntary Dismissal pursuant to 2—1009 allowed as to [counts] III & IV."

A final order of judgment as to counts I and II was entered on July 31, 1986. The court found as follows:

"1. That Counts I and II of the Plaintiff's Third Amended Complaint are defective and insufficient in law because they fail to show that the actions, inactions or negligence of the Defendants was [sic] the proximate cause of the Plaintiff's alleged loss or damage and that the Plaintiff would have prevailed in his claim against Langston Enterprises, Inc.;

2. That the Plaintiff's proposed Fourth Amended Complaint amending Counts I and II of the Plaintiff's Third Amended Complaint are [sic] insufficient in law because they fail to set forth sufficient allegations which, if proven, show that the actions, inactions or negligence of the Defendants was [sic] the proximate cause of the Plaintiff's alleged loss or damage and that the Plaintiff would have prevailed in his claim against Langston Enterprises, Inc."

On August 25, 1986, plaintiff filed a motion to reconsider and a memorandum in support thereof. Defendants filed a response on November 12, 1986. A docket entry reflects that plaintiff's motion to reconsider was denied on January 16, 1987. Plaintiff filed notice of appeal on February 6, 1987.

On appeal, plaintiff claims that the circuit court erred in denying a voluntary dismissal of counts I and II; that the court abused its discretion when it denied leave to amend counts I and II; and that the court erred in striking counts I and II of the third amended complaint and, in doing so, holding that equitable estoppel did not apply.

Defendants contend that we lack jurisdiction to consider any order other than the circuit court's January 16, 1987, order denying plaintiff's motion to reconsider the order of July 31, 1986; that the court was correct in denying plaintiff's motion for voluntary dismissal of counts I and II; and that the court did not err when it dismissed plaintiff's third amended complaint and denied leave to file a fourth.

We find that we have jurisdiction to consider all orders pertaining to counts I and II.

■ Counts I and II were dismissed with prejudice on September

20, 1985, when an order of dismissal was entered that failed to specify that dismissal was without prejudice or that plaintiff was granted leave to amend. Plaintiff bears the burden of persuading the circuit court either to include a specification that the dismissal is without prejudice or to permit an amendment if he wishes to plead over. (*Illinois Municipal League v. Illinois State Labor Relations Board* (1986), 140 Ill. App. 3d 592, 488 N.E.2d 1040; *Bond v. Dunmire* (1984), 129 Ill. App. 3d 796, 473 N.E.2d 78.) Where plaintiff does neither, Supreme Court Rule 273 (107 Ill. 2d R. 273) states that an involuntary dismissal operates as an adjudication on the merits. Thus, the September 20 order was a final order where it did not state that dismissal was without prejudice and it did not grant leave to amend. Any doubts remaining as to the effect of that order were removed when, on June 10, 1986, the court denied leave to file a fourth amended complaint.

■ Although the orders entered prior to July 31, 1986, were final orders, they were not appealable until that date. Supreme Court Rule 304 (107 Ill. 2d R. 304) provides for appeals from final judgments that do not dispose of an entire proceeding. Rule 304(a) applies to this case and provides as follows:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (107 Ill. 2d R. 304.)

An order dismissing a portion of a complaint with prejudice is not appealable as a matter of right unless a written finding is entered in compliance with Rule 304(a). (*Buechele v. St. Mary's Hospital Decatur* (1987), 156 Ill. App. 3d 637, 509 N.E.2d 744.) No such finding was entered here. Therefore, the orders dismissing counts I and II of plaintiff's third amended complaint with prejudice and denying plaintiff leave to file a fourth amended complaint were not appealable until en-

try of the July 31, 1986, order. That order clarified the status of counts I and II, denied plaintiff's motion for a voluntary dismissal as to those counts, and allowed plaintiff's motion to voluntarily dismiss counts III and IV which, unlike counts I and II, had been found sufficient to state a cause of action. While the July 31 order did not technically "adjudicate" all the claims, rights, and liabilities of the parties it did, nonetheless, dispose of all pending claims in the proceeding. We hold, therefore, that given the procedural scenario presented by this case, the July 31 order constituted final judgment in this proceeding and all prior final, nonappealable orders became appealable after that date.

■ Since a notice of appeal is to be liberally construed and an appeal from a subsequent, final and appealable order draws into question all prior nonfinal rulings and final, but nonappealable orders which produced the judgment (*First National Bank v. St. Charles National Bank* (1987), 152 Ill. App. 3d 923, 504 N.E.2d 1257), the earlier orders that gave rise to the July 31 order can be considered in this appeal. Were this not so, plaintiff would be denied his right to review of the orders dismissing counts I and II. If and when plaintiff refiles a new complaint, based upon counts III and IV of his third amended complaint, a new action will have been commenced. Plaintiff could not appeal the dismissal of counts I and II herein at the conclusion of the new proceeding because the cause of action represented by those counts will have never been a part of that proceeding. There has been an adjudication on the merits which would prohibit raising that cause of action in a new proceeding. An appeal of the involuntary dismissal of counts I and II must be allowed now.

■ Defendants contend that we cannot review the July 31 order because, according to defendants, plaintiff appeals only from the January 16, 1987, denial of his motion to reconsider. Plaintiff's notice of appeal states that plaintiff appeals from the January 16, 1987, order "denying Plaintiff-Appellant's Motion to Reconsider the Court's Orders dated July 31, 1986." The July 31 order is referred to in the notice of appeal. Plaintiff filed his motion to reconsider within 30 days of the July 31 order and filed notice of appeal within 30 days of the denial of his motion to reconsider. The July 31 order was the subject of plaintiff's motion to reconsider. There would be no point to a review of the order denying the motion to reconsider without considering the order that produced the motion. In short, defendants' position is untenable.

■ We now consider the propriety of the court's denial of a voluntary dismissal of counts I and II. As we have previously noted,

those counts were dismissed with prejudice prior to July 31, 1986, and before plaintiff's motion for voluntary dismissal was filed. As the court noted in its July 31 order denying a voluntary dismissal as to counts I and II, those counts were "long ago *** dismissed and that part of this litigation terminated." Although a plaintiff's right to have a cause voluntarily dismissed is generally regarded as absolute, there are some limits.

Section 2–1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2–1009) represents an attempt to restrict, to some extent, plaintiff's common law right to obtain a voluntary dismissal. (Ill. Ann. Stat., ch. 110, par. 2–1009, Historical and Practice Notes, at 417 (Smith-Hurd 1983).) Recent decisions have further restricted this "absolute" right. (See *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322.) We believe this case exhibits misguided reliance upon section 2–1009.

We cannot countenance the tactic plaintiff employed here. Strong policy considerations militate against a procedure which would, in effect, allow a plaintiff to circumvent a court's ruling at will. To accept plaintiff's interpretation of section 2–1009 would be to adopt a construction of the statute which would infringe upon the fundamental exclusive authority of the judiciary to render judgment. The supreme court in *O'Connell* limited the right to obtain a voluntary dismissal rather than compromise the judiciary's authority to render judgment. (112 Ill. 2d at 283, 492 N.E.2d at 1326-27.) We must do the same in the case before us. Failure to act would, in effect, render every dismissal with prejudice a nullity because a plaintiff could always move for voluntary dismissal and then refile his cause of action later in a new proceeding.

While we acknowledge our holdings in *Bailey v. State Farm Fire & Casualty Co.* (1985), 137 Ill. App. 3d 155, 484 N.E.2d 522, they do not apply to the case before us. In *Bailey* we held that the granting of a motion to dismiss with leave to amend does not affect plaintiff's absolute right to obtain a voluntary dismissal of his complaint. (137 Ill. App. 3d at 158.) Plaintiff in this case did not ask for and was not granted leave to amend and, as previously noted, he did not request that the order of dismissal specify that dismissal was without prejudice. *Bailey* also stands for the proposition that hearings pursuant to a section 2–615 motion to dismiss (Ill. Rev. Stat. 1985, ch. 110, par. 2–615) do not mark the commencement of trial or hearing under section 2–1009 of the Code. (See also *Heinz v. County of McHenry* (1984), 122 Ill. App. 3d 895, 897, 461 N.E.2d 672, 674.) Although hearings pursuant to a section 2–615 motion may not mark

the commencement of trial or hearing for purposes of section 2—1009, the granting of such a motion must be considered the equivalent of trial. It is, after all, an adjudication on the merits according to Supreme Court Rule 273 (107 Ill. 2d R. 273). Moreover, a dismissal with prejudice is deemed to be as conclusive of the rights of the parties as if the matter had proceeded to trial and had been resolved by a final judgment adverse to plaintiff. (*Morris v. Union Oil Co.* (1981), 96 Ill. App. 3d 148, 421 N.E.2d 278.) The dismissal with prejudice of counts I and II constituted a final judgment adverse to plaintiff. If we are to preserve the judiciary's authority to render judgment on the pleadings, we cannot allow plaintiff to obtain a voluntary dismissal.

Plaintiff's recourse, upon dismissal of his personal injury claim, was to ask the circuit court to enter Rule 304(a) findings so that he could pursue an appeal from the dismissal of that cause of action. Alternatively, he could have awaited the outcome of the remainder of the case. However, he could not simply obtain a voluntary dismissal of counts I and II after a dismissal with prejudice had been entered.

Although we have found that plaintiff was not entitled to a voluntary dismissal of counts I and II, we do not believe the dismissal of these counts for failure to state a cause of action was proper.

■■ The purpose of pleadings is to present, define, and narrow the issues and limit the proof needed at trial. Pleadings are not intended to erect barriers to a trial on the merits, but instead to remove them and facilitate trial. The prime purpose of pleadings must never be hidden in a morass of technicalities. *Swaw v. Ortell* (1984), 137 Ill. App. 3d 60, 484 N.E.2d 780.

■■ Dismissal of an action due to a pleading deficiency is a drastic punishment. (*Trent v. Brasch Manufacturing Co.* (1985), 132 Ill. App. 3d 586, 477 N.E.2d 1312.) The practice of striking or dismissing a complaint should be confined to cases where there is want of equity on the face of the complaint and it is clear that no amendment will aid it. (*Matchett v. Rose* (1976), 36 Ill. App. 3d 638, 344 N.E.2d 770.) A motion to dismiss should be granted only where it clearly appears that no set of facts could be proved which would·entitle plaintiff to recover and, to this end, all pleadings are liberally construed. (*Willard v. Northwest National Bank* (1985), 137 Ill. App. 3d 255, 484 N.E.2d 823.) The granting of a motion to dismiss for failure to state a cause of action should be affirmed on appeal only when no set of facts can be proved under the pleadings which will entitle plaintiff to relief. *Payne v. Mill Race Inn* (1987), 152 Ill. App. 3d 269, 504 N.E.2d 193.

■■ ■ The essential test of the sufficiency of a complaint is whether it reasonably informs the defendant of a valid claim under a

general class of cases of which the court has jurisdiction. (*Swaw*, 137 Ill. App. 3d at 67, 484 N.E.2d at 785.) A plaintiff pleading a legal malpractice action must allege the existence of an attorney/client relationship; a duty arising from that relationship; a breach of that duty on the part of defendant/counsel; proximate cause; and damages. (*Claire Associates v. Pontikes* (1986), 151 Ill. App. 3d 116, 502 N.E.2d 1186.) In an action for legal malpractice a plaintiff has the burden of showing that, but for the negligence complained of, he would have been successful in the prosecution of the underlying action. (*Kohler v. Woollen, Brown & Hawkins* (1973), 15 Ill. App. 3d 455, 304 N.E.2d 677.) Therefore, plaintiff must plead facts tending to show that he had a valid cause of action. See *Rogers v. Robson, Masters, Ryan, Brumund & Belom* (1979), 74 Ill. App. 3d 467, 476, 392 N.E.2d 1365, 1373; *Cook v. Gould* (1982), 109 Ill. App. 3d 311, 440 N.E.2d 448.

■■ Obviously, where an attorney has allowed the statute of limitations to run without having filed a valid complaint, a plaintiff cannot prove, by way of pleadings, that he would have recovered in the underlying claim. Nevertheless, he must allege facts sufficient to state a cause of action. In this case, defendant was required to state a cause of action for negligence, the essential elements of which are the existence of a duty of reasonable care owed plaintiff by defendant, breach of that duty, and injury proximately resulting from that breach. *Magnone v. Chicago & North Western Transportation Co.* (1984), 126 Ill. App. 3d 170, 466 N.E.2d 1261.

■■ Plaintiff contends that he should be excused from pleading and proving the validity of the underlying personal injury claim because of defendants' conduct. Plaintiff represents that defendants misled him by assuring him that he had a valid cause of action. Plaintiff claims that defendants tried to "string [him] along as long as possible" in order to limit their liability to him. According to plaintiff, "Defendants hoped that if [he] finally realized he did have a malpractice claim against [them], it would be difficult or impossible to prove the validity of the underlying case because of the passage of time." Plaintiff concludes that defendants should be estopped from denying the validity of plaintiff's underlying personal injury claim, citing *Kohler*. We disagree.

In *Kohler*, the defendant attorneys had prosecuted claims for arbitration and had procured awards. It was later determined that the claims filed in arbitration were barred by a two-year limitation period so that the arbitrator had no power or authority to do anything but deny the claims. The appellate court, noting that defendants continued to assert the validity of the awards throughout the proceedings

before the arbitrator, in the circuit court and in the appellate court, and until denial of leave to appeal by the supreme court, reasoned that defendants were estopped from denying the validity of the awards. *Kohler*, 15 Ill. App. 3d at 458.

In the case before us, it appears that the defendants did little more than file a complaint on behalf of the plaintiff. Although the case eventually came before this court on the issue of whether defendants had named the proper party (*Dunavan v. Heritage House Nursing Home* (1984), 121 Ill. App. 3d 813, 460 N.E.2d 75), argument was not had on the merits of the claim. This distinguishes the instant case from *Kohler*.

Moreover, plaintiff need not rely upon equitable estoppel. It appears from the record that there was still evidence available as of January 14, 1986, which could have enabled plaintiff to make out a case of negligence against the nursing home. Therefore, even assuming *arguendo* that defendants' delay in informing plaintiff of their error hindered his investigation and ability to prove he had a valid claim, plaintiff cannot avoid proving the validity of his underlying cause of action.

■■■ As previously stated, plaintiff's complaint is sufficient to state a cause of action and should not have been dismissed. In reaching this conclusion, we have considered the complaint filed by plaintiff in conjunction with the complaint previously filed by defendants in the underlying action. That complaint was attached to plaintiff's complaint as an exhibit and was incorporated by reference for the express purpose of stating a cause of action for negligence against the nursing home. As plaintiff argued in the circuit court, the attached complaint, prepared by defendants in the prior action, could be considered a part of the complaint in the instant action. Exhibits attached to a complaint become a part of the complaint as do the factual matters contained therein. See *Goldstein v. Lustig* (1987), 154 Ill. App. 3d 595, 507 N.E.2d 164.

While plaintiff's third amended complaint undoubtedly could have been more artfully drawn and with minimal investigation could have included more specific facts, we nonetheless view it as sufficient to state a cause of action. That complaint contained the following allegations.

On June 15, 1976, plaintiff, while employed as a nursing home inspector for the State of Illinois, was severely injured when he fell at Heritage House Nursing Home in Vandalia, Illinois. On October 21, 1976, plaintiff entered into an oral contract with defendant Calandrino to prosecute the claim against the nursing home. Calandrino as-

signed the case to defendant Robeson. Sometime prior to June 14, 1978, plaintiff told Robeson that Heritage House Nursing Home was owned by Langston Enterprises, Inc. On June 14, 1978, defendant Calandrino filed a complaint naming "Heritage House Nursing Home and Bonnie Johnson, its Administrator" as defendants. Calandrino and Robeson breached Calandrino's contract with plaintiff and failed to exercise ordinary skill, care, and ability when they failed to investigate the case sufficiently so as to name the proper defendant. Because of defendants' breach of contract and negligence, plaintiff obtained no recovery from Langston Enterprises, Inc., even though the complaint filed by defendants stated a "meritorious" cause of action. Plaintiff suffered damages including pain and suffering, expenses for medical care and the value of lost earnings, all in excess of $15,000.

The complaint attached to plaintiff's third amended complaint, and incorporated by reference, states in pertinent part:

"5. That on June 15, 1976, the Plaintiff in his capacity as a state inspector entered the defendants' place of business for the purpose of ascertaining whether the defendants were operating in compliance with applicable state regulations.

6. That it was the duty of the defendants, by its [sic] agents[,] servants or employees, to so maintain[,] control and operate their permises [sic] so as not to cause injury to persons including the Plaintiff, who might enter upon the premises.

7. That disregarding their duty the defendants so operated, maintained and controlled their premises so that the Plaintiff was caused to slip and fall.

8. That at the time and place aforesaid the defendants were guilty of one or more of the following wrongful act[s] or omissions:

(a) Carelessly maintained, kept and controlled said lobby and waiting room so that as a direct and proximate result thereof, plaintiff was injured.

(b) Carelessly permited [sic] and allowed water to remain on the floor of the lobby and waiting room.

(c) Carelessly failed to remove the water or otherwise place in a good and safe condition the said floor of the lobby and waiting room.

(d) Carelessly failed to warn the public, including plaintiff, of the dangerous and unsafe condition of the floor of the lobby and waiting room although the defendants knew or in the exercise of ordinary care ought to have known that such warning was reasonably necessary to prevent injury to mem-

bers of the public in said lobby and waiting room, including plaintiff.

9. That as a direct and proximate result of one or more or all of the aforesaid wrongful acts of the defendants, the Plaintiff, JAMES DUNAVAN, then and there sustained injuries to various parts of his body; that he sustained a severe shock to his nervous system; and during all of said time he has suffered great physical pain and anguish; and he has been prevented from attending to his usual and regular affairs, employment and occupation; and in endeavoring to be cured and healed of said injuries and disabilities, he has necessarily expended sums of money for medical, surgical, hospital and other expenses, all to Plaintiff's damage in the sum in excess of FIFTEEN THOUSAND DOLLARS ($15,000.000 [sic])."

Plaintiff's complaint might have included more specific factual allegations. For example, some information could have been included from the deposition of Doris Langston which was taken on January 14, 1986. Langston was the owner and operator of the nursing home and owned a majority interest in the Langston Enterprises, Inc. Langston states in her deposition that the water on the floor of the nursing home was there as a result of condensation from air conditioning units. The problem periodically occurred in several areas throughout the nursing home. A note from Sue Kistler, an employee of the nursing home, indicated that a towel had been placed on the floor, apparently to absorb water, just prior to the plaintiff's fall. No signs were posted to indicate that the floor was wet. While these facts might have been incorporated into the complaint, we believe the complaint was sufficient, as drafted, to withstand defendants' motion to dismiss. Moreover, we find the existence of these facts troubling because it appears plaintiff could have presented a viable case.

The defect in plaintiff's complaint, according to the circuit court, was that the complaint failed "to show that the *** negligence of the defendants was the proximate cause of the plaintiff's alleged loss or damage and that the plaintiff would have prevailed in his claim against Langston Enterprises, Inc." As we have already observed, it is impossible to predict what a trier of fact might have done had this case gone to trial. The point is, the case did not go to trial, perhaps due to defendants' negligence, and there is simply no way that plaintiff could demonstrate to a certainty that he would have been successful. Where a legal malpractice case involves an underlying cause of action that never reached the trial stage because of alleged negligence on the part of plaintiff's attorney, plaintiff must allege that he had a

valid cause of action and must ultimately prove up his case at trial. See *Cook v. Gould* (1982), 109 Ill. App. 3d 311, 440 N.E.2d 448.

We find plaintiff's allegations, as stated in the appended complaint, sufficient to state a cause of action in negligence. Moreover, having examined the transcript of the deposition of Doris Langston, it appears that plaintiff could present a submissible case for consideration. *Cf. Hollembaek v. Dominick's Finer Foods, Inc.* (1985), 137 Ill. App. 3d 773, 484 N.E.2d 1237; *Deike v. Sears, Roebuck & Co.* (1983), 112 Ill. App. 3d 747, 445 N.E.2d 1258.

For the foregoing reasons, the circuit court's denial of plaintiff's motion to voluntarily dismiss counts I and II of the third amended complaint is affirmed; however, the involuntary dismissal of counts I and II is reversed and the cause is remanded for further proceedings.

Affirmed in part; reversed in part.

HARRISON, P.J., and CALVO, J., concur.