DANNY SHEPPARD, Plaintiff-Appellant, v. FREDERIC B. KROL, Defendant-Appellee.

First District (6th Division)   No. 1—89—0397

Opinion filed August 2, 1991.

Lane & Munday and Frank Leonard LaPort & Associates, Ltd., both of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Thomas L. Browne, and Mark M. Christerson, of counsel), for appellee.

JUSTICE LaPORTA delivered the opinion of the court:

Plaintiff brought suit against defendant alleging legal malpractice due to negligent representation. On defendant's motion, the trial court dismissed his first amended complaint with prejudice for failure to state a cause of action. Plaintiff appealed.

In his first amended complaint, plaintiff alleged that in the course of his employment with Jay's Foods, Inc., he was required to operate a certain forklift truck. He alleged that on September 6, 1983, while he was standing in close proximity to it, the unattended forklift with motor running suddenly changed gears from neutral to reverse and struck him, causing his injuries. Plaintiff alleged that the forklift was defective and unreasonably dangerous as a result of a design or mechanical defect present when purchased by Jay's Foods and was defective and unreasonably dangerous immediately prior to striking him "in that the transmission would shift from neutral to reverse when the motor of said forklift was running and the forklift was left unattended." He alleged he suffered severe and permanent injuries as a result of the accident and therefore contracted with defendant to act on his behalf for both a worker's compensation claim and a product liability claim. Defendant's conduct with regard to the worker's compensation claim is not at issue in this case.

Plaintiff's complaint alleged further that defendant undertook to represent him as his attorney in the personal injury suit and agreed "to investigate and process a product liability claim against the manufacturer or seller of the forklift" and therefore it was his duty to exercise ordinary care and caution in the legal representation of plaintiff. Plaintiff alleged that defendant breached his duty to plaintiff by carelessly and negligently: (a) failing to ascertain the identity of the forklift truck; (b) failing to retain a mechanical engineer or other expert to inspect the forklift; (c) failing to institute legal proceedings against the manufacturer or seller of the forklift; (d) failing to impound the forklift; (e) failing to properly investigate the circumstances of plaintiff's injuries to determine the manufacturer of the forklift; and (f) failing to identify, preserve and inspect the forklift.

Plaintiff alleged that as a direct and proximate result of defendant's action the forklift "was destroyed, sold or otherwise disposed of by Jay's Foods, Inc.," and it became "impossible to ascertain the make, manufacturer, seller or mechanical condition of the forklift that was involved in plaintiff's injury." Plaintiff alleged that but for defendant's negligence, plaintiff would have had legal grounds for a cause of action against the manufacturer or seller of the forklift.

Defendant moved to dismiss the first amended complaint at law on July 9, 1987, contending that plaintiff could not succeed in the malpractice action because he did not plead and could not prove he would have prevailed in a product liability action "but for" the negligence of his attorney. On October 5, 1987, the trial judge granted defendant's motion and dismissed the suit with prejudice. The court subsequently denied plaintiff's motion to reconsider and plaintiff appealed.

On appeal plaintiff presents the following issues: (1) did plaintiff state a cause of action for legal malpractice where plaintiff charged defendant with negligently failing to ascertain the identity of the manufacturer of a defective product, which caused plaintiff's injury, before the product was disposed of by its owner; (2) did plaintiff plead an underlying cause of action; and (3) is plaintiff required to plead the identity of defendant in the underlying cause of action and the specific defect in the forklift on which that action is based?

■■ In any legal malpractice action, a plaintiff must plead the existence of a valid underlying cause of action. (*Claire Associates v. Pontikes* (1986), 151 Ill. App. 3d 116, 502 N.E.2d 1186.) Four elements must be alleged and proven: (1) the existence of an attorney-client relationship that establishes a duty on the part of the attorney; (2) a negligent act or omission that breached that duty; (3) proximate

cause that establishes that but for the attorney's negligence, plaintiff would not have suffered an injury; and (4) damages. *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 440 N.E.2d 96.

Because a plaintiff must establish that but for the attorney's negligence he would have been successful in the underlying action, plaintiff is essentially required to prove a case within a case, specifically, establishing a *prima facie* product liability case and then proving it in order to prove the legal malpractice case. (*Cook v. Gould* (1982), 109 Ill. App. 3d 311, 314, 440 N.E.2d 448.) This is required because of the damages element of the action; no malpractice exists unless counsel's negligence has resulted in the loss of an underlying action. *Claire Associates*, 151 Ill. App. 3d at 122.

■ Therefore, we must consider whether plaintiff's legal malpractice complaint alleged the facts to establish he not only had a valid product liability cause of action, but that he would have been successful in that cause. To establish a *prima facie* case for strict liability in a product liability action, a plaintiff must show that: (1) his injuries or damages resulted from a condition of the product; (2) the condition was an unreasonably dangerous one; and (3) the condition existed at the time it left the manufacturer's control. *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 623, 210 N.E.2d 182, 188.

Plaintiff contends that his legal malpractice action properly stated a cause of action for product liability. Plaintiff argues that his legal malpractice complaint alleged he was injured by a forklift and that the forklift was defective and unreasonably dangerous as a result of a mechanical defect. The three other requisite factors alleged in plaintiff's first amended complaint include plaintiff contracting with defendant to represent him, defendant's failure to identify the manufacturer of the forklift and concludes that "but for" defendant's action, plaintiff would have "obtained compensation from the manufacturer or seller." On a motion to dismiss, the trial court must accept as true all well-pleaded facts. *Bishop v. Ellsworth* (1968), 91 Ill. App. 2d 386, 234 N.E.2d 49.

Plaintiff contends that these facts alone are enough to permit his legal malpractice action to go to trial. Plaintiff argues that he should not be required to identify the manufacturer of the forklift in his complaint because it was defendant's negligence that prevented the manufacturer from being discovered. Plaintiff argues that to dismiss his complaint at the pleading stage would prevent him from conducting the proper discovery to see if the manufacturer could be established. The mere fact that the forklift has been or may have been destroyed is not a bar to a negligence action. *Mote v. Montgomery Ward & Co.*

(1984), 125 Ill. App. 3d 839, 466 N.E.2d 593; *Renfro v. Allied Industrial Equipment Corp.* (1987), 155 Ill. App. 3d 140, 507 N.E.2d 1213.

Defendant concedes that plaintiff's complaint establishes that an attorney-client relationship existed and that defendant breached his duty to his client. But defendant contends plaintiff's complaint does not allege proximate cause, *i.e.*, "but for" the negligence of the attorney plaintiff would have been successful in the underlying cause of action.

Defendant contends that plaintiff failed to meet the proximate cause requirement in three specific ways and that failure prevents plaintiff from succeeding in his legal malpractice case. First, plaintiff has alleged no facts to establish defendant could have identified the forklift involved in his accident. Second, plaintiff failed to plead facts that establish that "but for" the attorney's conduct, he would have been successful in his product liability action. Third, plaintiff failed to allege facts to establish that a judgment against a manufacturer would have been collectible.

Initially, defendant contends that plaintiff alleges no facts that establish defendant could have identified the forklift which caused the injury even given the opportunity. The record establishes that before the dismissal of plaintiff's action, plaintiff responded to interrogatories that he did not know the manufacturer of the forklift. He admits the same in his brief. Defendant poses the question, how was defendant to identify the forklift involved without plaintiff's assistance? Plaintiff alleged that in his employment he was required to operate this forklift truck, that the truck was defective because of its design and that he was injured by the unattended truck. Because he operated the forklift in his employment, he was in the best position to identify the manufacturer and to give that information to his attorney. The complaint does not allege that this was done.

Next, defendant contends that even if we assume the attorney was negligent, plaintiff must still prove that defendant's negligence was the proximate cause of his loss, *i.e.*, had the attorney identified the forklift involved, the plaintiff would have prevailed in the product liability action. *Cook v. Gould* (1982), 109 Ill. App. 3d 311, 440 N.E.2d 448.

Plaintiff's brief admits that plaintiff cannot now identify the manufacturer of the forklift. Defendant cites *Dunavan v. Calandrino* (1988), 167 Ill. App. 3d 952, 964-65, 522 N.E.2d 347, 354, which held that "[w]here a legal malpractice case involves an underlying cause of action that never reached the trial stage because of alleged negligence on the part of plaintiff's attorney, plaintiff must allege that he had a

valid cause of action and must ultimately prove up his case at trial."
(*Dunavan v. Calandrino*, 167 Ill. App. 3d at 964-65.) Damages in a
legal malpractice action will not be presumed, and the plaintiff bears
the burden of proving that damages resulted. *Zych v. Jones* (1980), 84
Ill. App. 3d 647, 652, 406 N.E.2d 70.

Defendant contends that plaintiff's malpractice complaint is de-
void of specific details necessary to plead a product liability case.
Defendant cites *Ralston v. Casanova* (1984), 129 Ill. App. 3d 1050,
1059-60, 473 N.E.2d 444, where the court held that it "cannot legally
be presumed from evidence of the mere occurrence of an accident in-
volving a product that the product was defective when it left the man-
ufacturer's control." (*Ralston v. Casanova*, 129 Ill. App. 3d at 1060.)
"While it may indeed be possible to introduce sufficient evidence to
establish a *prima facie* case of strict liability even in the absence of
the allegedly defective product itself *** plaintiff must present *some*
evidence to raise a material issue as to the absence of abnormal use
and the elimination of reasonable secondary causes to prove what con-
dition the product was in when it left [the manufacturer's] control."
(Emphasis in original.) *Ralston*, 129 Ill. App. 3d at 1059-60.

We note that the complaint does not allege how close defendant
was to the forklift when he was injured, whether he or someone else
was using the forklift immediately before the accident, the type or
style of forklift, the forklift manufacturer or any alleged failures on
the manufacturer's part nor does he allege any prior difficulties with
its operation. The record contains plaintiff's answers to defendant's
interrogatories where plaintiff responds to questions about the iden-
tity of the forklift manufacturer, alterations or maintenance of the
machine by anyone, and other injuries caused by the machine as "un-
known at this time." Though the accident occurred on September 6,
1983, plaintiff terminated defendant's representation on June 5, 1985,
and plaintiff's malpractice action was filed on October 30, 1985, plain-
tiff conducted no discovery before the case was dismissed in 1989 that
might have resulted in identifying the forklift manufacturer or provid-
ing more detail about the accident.

Finally, defendant contends that plaintiff has alleged no facts to
establish that a judgment against a manufacturer would have been
collectible. When a claim is alleged to have been lost by the attorney's
negligence, the plaintiff must plead and prove the existence of a sol-
vent defendant in the underlying claim. *Goldzier v. Poole* (1898), 82
Ill. App. 469, 471; see also *Kohler v. Woollen, Brown & Hawkins*
(1973), 15 Ill. App. 3d 455, 458, 304 N.E.2d 677.

Defendant contends that, without the element of collectibility, the plaintiff has not shown that he would have recovered for his injuries "but for" the attorney's actions. We note that the plaintiff argued before the trial court:

> "We have alleged that an attorney had a chance to—first of all, understood the duty to investigate the case, had a chance to inspect the forklift and did not do that. And as a result, the forklift was destroyed. *** We say that the forklift was defective and unreasonably dangerous. We say that we cannot ascertain the manufacturer or the mechanical condition. *** We don't say we would have recovered from whom. We don't know from whom we would have recovered because we don't know who manufactured the forklift as a result of his inability to determine that."

Plaintiff also argues here on appeal that he should be able to bring his legal malpractice action although he cannot identify against whom he would have filed suit in the underlying products liability action. Plaintiff argues that it is enough to plead that he was injured by a defective product and that someone is liable. Even though we may sympathize with the injured plaintiff, where his complaint fails to allege the necessary elements of a legal malpractice claim, he may not recover from his attorney the amount he would have hoped to realize in the underlying suit.

Illinois law is clear that, in a malpractice action, the plaintiff essentially must prove his case within the case. Plaintiff acknowledges this requirement on appeal. Plaintiff must show that but for his lawyer's negligence he would have recovered. Plaintiff is unable to meet this burden of proof and readily admitted so before the trial court and again in his brief before this court. Plaintiff states in his brief: "The only element of a products liability case the plaintiff was unable to allege was the identity of the manufacturer *** the plaintiff here should *** be allowed to seek compensation for the loss of any chance he had to recover against the manufacturer, even though he may not be able to establish that he had a better than even possibility of recovery." As defendant properly avers in his brief, our legal system does not permit liability based on conjecture.

For the foregoing reasons, we affirm the trial court's granting of defendant's motion to dismiss plaintiff's action with prejudice.

Affirmed.

RAKOWSKI, P.J., and McNAMARA, J., concur.