RANDELL L.D. SMITH, Plaintiff-Appellant, v. CENTRAL ILLINOIS REGIONAL AIRPORT, Defendant-Appellee (Prairie Aviation Museum *et al.*, Defendants).

Fourth District   No. 4—02—0353

Opinion filed January 8, 2003.

COOK, J., dissenting.

Randell L.D. Smith, of Bloomington, appellant *pro se*.

Barbara D. Bleisch, of Hartstein & Bleisch, P.C., of St. Louis, Missouri, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

In November 2000, plaintiff, Randell L.D. Smith, filed a complaint against defendants, the Central Illinois Regional Airport (Airport), the Prairie Aviation Museum, and the Pantagraph, alleging that an annual air show sponsored and operated by defendants (1) created a nuisance (count I), (2) constituted a trespass upon Smith's property (count II), and (3) amounted to an inverse condemnation of his property (count III). Count I of the complaint sought to enjoin defendants from operating the annual air show, and counts II and III sought to recover damages arising from the air show.

In February 2001, the trial court dismissed count III with leave to amend and counts I and II with prejudice. In April 2001, Smith brought an interlocutory appeal under Supreme Court Rule 307(a) (188 Ill. 2d R. 307(a)), challenging the court's dismissal of count I.

Later in April 2001, Smith filed a motion to voluntarily dismiss count III. Following a May 2001 hearing, the trial court denied Smith's motion. Smith appealed the court's denial of his motion, and this court dismissed the appeal for lack of jurisdiction (*Smith v. Central Illinois Regional Airport*, No. 4—01—0388 (January 30, 2002) (unpublished order under Supreme Court Rule 23)).

After this court's mandate issued, Smith filed an amended motion to voluntarily dismiss count III. Following an April 2002 hearing, the trial court denied the motion.

Smith appeals the trial court's denial of his motion to voluntarily dismiss count III, and we affirm.

## I. BACKGROUND

In November 2000, Smith filed a complaint against defendants, alleging in count III that the Airport's operation of an annual air show amounted to an inverse condemnation of his property.

In December 2000, defendants filed separate motions to dismiss the complaint under section 2—615 of the Code of Civil Procedure (Code) (735 ILCS 5/2—615 (West 1998)). The Airport's motion alleged, in pertinent part, that count III failed to allege sufficient facts to

establish a claim for inverse condemnation. On February 27, 2001, the trial court (1) dismissed count III with leave to amend within 60 days, and (2) dismissed counts I and II with prejudice, upon finding that those claims were preempted by federal statutory laws and regulations.

In April 2001, Smith brought an interlocutory appeal under Supreme Court Rule 307(a) (188 Ill. 2d R. 307(a)), arguing that the trial court erred by dismissing count I of his complaint. In October 2001, this court affirmed the trial court's judgment in an unpublished order (*Smith v. Central Illinois Regional Airport*, No. 4—01—0168 (October 1, 2001) (unpublished order under Supreme Court Rule 23)).

On April 12, 2001, while his appeal was still pending, Smith filed a motion to voluntarily dismiss count III. Following a May 2001 hearing, the trial court denied Smith's motion.

Smith later filed a notice of appeal from the trial court's (1) February 2001 order dismissing count III with leave to amend, and (2) May 2001 order denying his motion to voluntarily dismiss count III. In January 2002, this court dismissed the appeal for lack of jurisdiction (*Smith v. Central Illinois Regional Airport*, No. 4—01—0388 (January 30, 2002) (unpublished order under Supreme Court Rule 23)).

After this court's mandate issued, Smith filed an amended motion to voluntarily dismiss count III of his complaint. Following an April 2002 hearing, the trial court denied Smith's motion as moot, upon finding that (1) the court had previously dismissed Smith's complaint with leave to amend within 60 days in its February 27, 2002, order; and (2) Smith had failed to amend his complaint within that time period. The court thus dismissed count III with prejudice.

This appeal followed.

## II. ANALYSIS

Smith argues that the trial court erred by denying his motion to voluntarily dismiss count III without prejudice because he had an unfettered right to voluntarily dismiss that count, pursuant to section 2—1009(a) of the Code (735 ILCS 5/2—1009(a) (West 2000)). We disagree.

■ Section 2—1009(a) of the Code provides, in pertinent part, that a plaintiff "may, at any time before trial or hearing begins, *** dismiss his or her action or any part thereof as to any defendant, without prejudice" (735 ILCS 5/2—1009(a) (West 2000)). That provision is subject to two qualifications: (1) when a previously filed defense motion could result in a final disposition of the cause of action if ruled upon favorably by the trial court, the court may hear and decide that motion before ruling on the plaintiff's motion for voluntary dismissal

(735 ILCS 5/2—1009(b) (West 2000)); and (2) when the circumstances of the case are such that dismissal under section 2—1009 would directly conflict with a supreme court rule, the rule takes precedence (*Morrison v. Wagner*, 191 Ill. 2d 162, 165, 729 N.E.2d 486, 488 (2000)).

■ In this case, the trial court entered its February 2001 written order dismissing count III of Smith's complaint with leave to amend within 60 days. Thus, Smith's April 2001 motion to voluntarily dismiss count III was a nullity because there was no count III to voluntarily dismiss. Once the court dismissed count III, Smith either could have amended that count or accepted the court's dismissal. See *Cole v. Hoogendoorn, Talbot, Davids, Godfrey, & Milligan*, 325 Ill. App. 3d 1152, 1155-56, 759 N.E.2d 110, 113-14 (2001) (discussing a plaintiff's options following the trial court's dismissal with leave to amend). However, he could not seek to voluntarily dismiss count III. Simply put, no matter how unfettered the right to voluntarily dismiss one's claim, such a claim must exist before it can be dismissed. Accordingly, we conclude that the trial court did not err by denying Smith's motion to voluntarily dismiss count III.

In so concluding, we acknowledge that the Fifth District Appellate Court in *Bailey v. State Farm Fire & Casualty Co.*, 137 Ill. App. 3d 155, 484 N.E.2d 522 (1985), reached the opposite conclusion. In that case, the plaintiff filed an amended complaint for declaratory judgment, and the defendant later filed a motion to dismiss the complaint. The trial court granted the defendant's motion and gave the plaintiff leave to amend her complaint within 28 days. The defendant later filed another motion to dismiss the plaintiff's complaint, alleging that the plaintiff had failed to amend her complaint. The plaintiff then filed a motion to voluntarily dismiss her complaint, which the court later granted. *Bailey*, 137 Ill. App. 3d at 157, 484 N.E.2d at 523-24. On appeal, the Fifth District upheld the trial court's judgment, upon concluding that (1) no trial or hearing had begun; and (2) the plaintiff had an absolute right to voluntarily dismiss her complaint. *Bailey*, 137 Ill. App. 3d at 158-59, 484 N.E.2d at 525.

We decline to follow *Bailey* for two reasons. First, the Fifth District did not specifically address whether a trial court's dismissal with leave to amend rendered a subsequent motion to voluntarily dismiss a nullity. In addition, in *Gibellina v. Handley*, 127 Ill. 2d 122, 137, 535 N.E.2d 858, 865 (1989), the supreme court implicitly criticized *Bailey* when it cited that case as an example of "an ever[-]increasing number of plaintiffs [who] are using a section 2—1009 motion to avoid a potential decision on the 'merits' or to avoid an adverse ruling as opposed to using it to correct a procedural or technical defect." Similarly, in this case, Smith was attempting to use a section 2—1009 motion to

avoid the trial court's ruling that count III did not state a claim for inverse condemnation, as opposed to using the motion as it was intended—to correct a procedural or technical defect.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

McCULLOUGH, J., concurs.

JUSTICE COOK, dissenting:

I respectfully dissent. I would reverse the trial court's judgment and remand for the entry of an order allowing plaintiff to voluntarily dismiss his cause of action.

"[T]he trial court may hear and decide a motion which has been filed *prior to* a section 2—1009 motion when that motion, if favorably ruled on by the court, could result in a final disposition of the case." (Emphasis in original.) *Gibellina*, 127 Ill. 2d at 138, 535 N.E.2d at 866; 735 ILCS 5/2—1009(b) (West 2000). Section 2—615 motions to dismiss (735 ILCS 5/2—615 (West 2000)) generally do not result in a final disposition of the case. "Applying the rule that leave to amend should be allowed unless it clearly appears that no set of facts can be proved that will allow the pleader to prevail on the cause of action or defense asserted in the pleading, a dismissal without leave to amend would be improper in such a case." 3 R. Michael, Illinois Practice § 27.2, at 493 (1989) (Civil Procedure Before Trial). Successive motions to dismiss are often granted, with leave to amend, before a case proceeds to trial.

In any event, there is no pending motion to dismiss in this case. No decision, prior to this one, has ever allowed a trial court to deny plaintiff his "unfettered" right to voluntarily dismiss his claim without prejudice, on the basis that defendant should be allowed to file a section 2—615 motion to dismiss for failure to state a cause of action. See *Bochantin v. Petroff*, 145 Ill. 2d 1, 5-7, 582 N.E.2d 114, 116-17 (1991) (previously filed motion to dismiss for failure to produce experts is a motion which could result in a final disposition of the case); *Winn v. Mitsubishi Motor Manufacturing of America, Inc.*, 308 Ill. App. 3d 1054, 1058-60, 721 N.E.2d 819, 822-24 (1999) (Fourth District, holding trial judge generally has no discretion to deny motion to voluntarily dismiss; trial judge may not rule on previously filed motion to transfer venue before ruling on motion for involuntary dismissal).

In the present case, the trial court, when it granted defendants' motion to dismiss with leave to amend, did not rule it was apparent

that there was no set of facts that would entitle plaintiff to recover. The trial court rather indicated that it was dismissing the case because of a technical pleading deficiency, because the trial court gave plaintiff leave to amend. The majority does not attempt to justify its decision under section 2—1009 or under *Gibellina*. Instead, the majority comes up with a new rule, that:

> "Smith's April 2001 motion to voluntarily dismiss count III was a nullity because there was no count III to voluntarily dismiss. Once the court dismissed count III, Smith either could have amended that count or accepted the court's dismissal." 335 Ill. App. 3d at 1092.

Under the majority's logic, Smith should have filed an amended complaint along with his motion for voluntary dismissal, so that there would have been a "count III to voluntarily dismiss." I suggest that such a wasted effort is completely unnecessary. There was clearly an existing claim here, a pending cause of action, when Smith filed his motion for voluntary dismissal. We recognized as much when we refused to consider the previous appeal in this case "because the court's February 2001 order was not final." If there was no existing claim that could be dismissed (335 Ill. App. 3d at 1092 ("a claim must exist before it can be dismissed")), we should have considered the previous appeal.

In *Dunavan v. Calandrino*, 167 Ill. App. 3d 952, 955-56, 522 N.E.2d 347, 348-49 (1988), the trial court stated that " 'in order for something to be dismissed, however absolute the [right] may be, it has to exist.' " The trial court concluded that counts I and II, which had previously been dismissed, " 'do not now exist for [section] 2—1009 *** to apply to.' " *Dunavan*, 167 Ill. App. 3d at 956, 522 N.E.2d at 349. The appellate court affirmed that ruling. In *Dunavan*, however, counts I and II were dismissed with prejudice and without leave to amend in a final order in September 1985. In June 1986, the court denied leave to file an amended complaint, whereupon plaintiff filed a motion for voluntary dismissal of the remaining counts, plus counts I and II. The court refused to allow him to take a voluntary dismissal as to counts I and II. Allowing him to do so "would, in effect, render every dismissal with prejudice a nullity because a plaintiff could always move for voluntary dismissal and then refile his cause of action later in a new proceeding." *Dunavan*, 167 Ill. App. 3d at 959, 522 N.E.2d at 351. That is not our case. There is no final order, no dismissal with prejudice, no dismissal without leave to amend, in our case.

A plaintiff has the "unfettered right" to voluntarily dismiss his claim without prejudice, upon proper notice and payment of costs, at any time before trial or hearing begins. *Morrison*, 191 Ill. 2d at 165, 729 N.E.2d at 488. That right promotes judicial economy. Often after a

plaintiff takes a voluntary dismissal, the case is settled or never refiled. By forcing plaintiffs to proceed with questionable cases, we unnecessarily burden the courts and we unfairly require plaintiffs to go forward at a time when they are not ready to do so. Of course, a plaintiff should not be allowed to take a voluntary dismissal to avoid a pending motion which could result in a final disposition of the case. *Gibellina*, 127 Ill. 2d at 138, 535 N.E.2d at 866. That is not the situation here. There is no pending motion. It is unlikely, given the fact that leave to amend had been granted, that the trial court will eventually find that no set of facts could be proven which would enable plaintiff to recover. This cause of action was filed in November 2000, and plaintiff filed his motion for involuntary dismissal in April 2001. The fact that defendants might eventually be successful on a motion for summary judgment or perhaps at trial does not justify depriving plaintiff of his unfettered right to take a voluntary dismissal at this early stage of the proceedings.