Docket No. 95593–Agenda 31–September 2003.

RANDELL L.D. SMITH, Appellant, v. CENTRAL ILLINOIS REGIONAL AIRPORT 
et al.
, Appellees.

Opinion filed November 20, 2003.

JUSTICE FREEMAN delivered the opinion of the court:

This appeal arises from the circuit court’s denial of plaintiff’s motion to voluntarily dismiss count III of a multicount complaint. The appellate court affirmed (335 Ill. App. 3d 1089), and we granted plaintiff leave to appeal (177 Ill. 2d R. 315). We reverse and remand the matter to the circuit court for further proceedings.

Background

On November 22, 2000, plaintiff, Randell L.D. Smith, filed a 
pro se
 complaint
(footnote: 1) against defendants, Central Illinois Regional Airport, The Prairie Aviation Museum, and The Pantagraph, in the circuit court of McLean County. Count I of the complaint alleged that each summer, defendants operated, sponsored, and otherwise promoted a dangerous airshow near plaintiff’s property in Bloomington, Illinois. According to plaintiff’s allegations, the low-flying military and commercial aircraft that participated in the shows engaged in acrobatic and stunt maneuvers which were unreasonably dangerous and unnecessary. The aircraft, plaintiff alleged, along with the loud noises, crowds, dirt, fumes, and other noxious materials associated with the airshows constituted a nuisance, which “is dangerous, continuing, and recurrent each summer, and unless enjoined, will result in continued damage to the Plaintiff and other citizens of the Bloomington-Normal community and possible death and destruction caused by a low level air mishap occurring during stunts and air acrobatics.” Plaintiff claimed no adequate remedy at law for his damages and sought injunctive relief from the court. Count II contained similar allegations, but sought relief on the theory that the airshow constituted a common law trespass upon plaintiff’s property and requested $3 million in damages. In count III, the subject of this appeal, plaintiff alleged that defendants’ actions in operating the airshow constituted an inverse condemnation of his property, with plaintiff seeking $5 million in compensatory damages.

On December 29, 2000, each defendant filed a motion to dismiss the complaint pursuant to section 2–615 of the Code of Civil Procedure (735 ILCS 5/2–615 (West 2000)). Defendants maintained that federal laws and regulations preempted plaintiff’s causes of action sounding in nuisance and trespass. Defendant Central Illinois Regional Airport also asserted that federal laws and regulations preempted defendant’s inverse condemnation action. The remaining defendants argued in their respective motions that plaintiff failed to state a cause of action against them sounding in inverse condemnation.
(footnote: 2)
 The circuit court ruled on the motions in an order entered on February 27, 2001. The court dismissed both the nuisance and trespass counts of the complaint with prejudice. As to count III, the order read as follows:

“Count III is dismissed with Plaintiff given 60 days to file amended Count III, defendants shall reply or motion any amended pleading within 30 days thereafter.”

On February 28, 2001, plaintiff filed a notice of interlocutory appeal, challenging the circuit court’s order with respect to count I.

While the interlocutory appeal was pending,
(footnote: 3) plaintiff, on April 12, 2001, filed a motion to voluntary dismiss count III without prejudice. After hearing arguments on the motion to voluntarily dismiss, the circuit court on May 2, 2001, ruled that count III had been previously dismissed with leave to file an amendment within 60 days and that 60 days had passed without such a filing. The court concluded that plaintiff’s failure to amend count III was “determinative” and thereafter denied the motion for voluntary dismissal.

 Plaintiff then appealed both the February 27, 2001, and the May 2, 2001, orders of the circuit court. In an unpublished order filed on January 30, 2002, the appellate court concluded that it lacked jurisdiction to hear the case because the order of February 27, 2001, was not a final order from which an appeal could be taken. 
Smith v. Central Illinois Regional Airport
, No. 4–01–0388 (January 30, 2002) (unpublished order under Supreme Court Rule 23). Following the issuance of that order, plaintiff returned to the circuit court and filed an “Amended Motion to Dismiss.” In the motion, plaintiff asserted that he had an absolute right to a voluntary dismissal. After considering the motion, the circuit court entered the following order:

“The Court rules that plaintiff’s Complaint has previously been dismissed by the Court’s Order of February 27, 2000. [
sic
] Plaintiff having failed to amend Count III within the time permitted, Count III is hereby dismissed with prejudice. Plaintiff’s Amended Motion to Dismiss is denied as moot.”

Plaintiff appealed, arguing that the circuit court erred in denying his motion because plaintiff had an unfettered right to voluntarily dismiss count III pursuant to section 2–1009(a) of the Code of Civil Procedure (735 ILCS 5/2–1009(a) (West 2000)).

The appellate court affirmed, with one justice dissenting. The majority of the appellate court ruled that once the circuit court dismissed count III, on February 27, plaintiff could have either amended that count or accepted the court’s dismissal. “However, he could not seek to voluntarily dismiss count III. Simply put, no matter how unfettered the right to voluntarily dismiss one’s claim, such a claim must exist before it can be dismissed.” 335 Ill. App. 3d at 1092.

The dissenting justice disagreed, stating that “[u]nder the majority’s logic, [plaintiff] should have filed an amended complaint along with his motion for voluntary dismissal, so that there would have been a ‘count III to voluntarily dismiss.’ “ 335 Ill. App. 3d at 1094 (Cook, J., dissenting). The dissenting justice also believed that the decision stripped plaintiff of his “unfettered” right to voluntarily dismiss his action. 335 Ill. App. 3d at 1094-95 (Cook, J., dissenting).

Analysis

In this court, plaintiff maintains that the appellate court’s decision directly conflicts with our opinion in 
Morrison v. Wagner
, 191 Ill. 2d 162 (2000). Echoing the dissent filed in the appellate court, he contends that he has an absolute right to a voluntary dismissal. Defendants respond that the appellate court correctly held that plaintiff was not entitled to a voluntary dismissal under the circumstances of this case.

This state originally followed the common law rule that allowed a plaintiff to take a nonsuit any time prior to entry of a decision by the judge or the jury. However, our General Assembly has, over the years, limited the common law rule by legislative enactment. See 
Gibellina v. Handley
, 127 Ill. 2d 122, 131 (1989) (explaining history of the right to voluntary dismissal and section 2–1009). Notwithstanding the legislative additions of certain limits to the right to voluntary dismissal, our bench and bar still sometime refer to the right as being one that is “unqualified” or “unfettered.” In our view, such adjectives paint with too broad a brush because the right to voluntary dismissal can no longer be viewed as absolute or without restraint. This court has made clear that a plaintiff’s right to a voluntary dismissal carries with it two important qualifications:

“First, where a previously filed defense motion could result in a final disposition of the cause of action if ruled favorably by the court, the court has the discretion to hear and decide that motion before ruling on the plaintiff’s motion for voluntary dismissal. [Citation.] Second, where the circumstances of the case are such that dismissal under section 2–1009 would directly conflict with a specific rule of this court, the terms of the rule take precedence.” 
Morrison v. Wagner
, 191 Ill. 2d 162, 165 (2000).

With respect to the first qualification, this court in 1989 spoke clearly as to the discretion entrusted to the circuit court when a motion to dismiss has been filed 
prior
 to the filing of a section 2–1009 motion for voluntary dismissal:

“[T]he trial court may hear and decide a motion which has been filed 
prior to
 a section 2–1009 motion when that motion, if favorably ruled on by the court, could result in a final disposition of the case. This, of course, does not assure an automatic denial of the section 2–1009 motion, for it is quite possible that the opposing party’s prior filed motion is without merit; in that case the subsequent section 2–1009 motion must be granted. This step by our court is necessitated by the noted abusive use of the voluntary dismissal statute.” (Emphasis in original.) 
Gibellina
, 127 Ill. 2d at 138.

Several years later, we emphasized that our opinion in 
Gibellina
 left to the discretion of the trial court the decision to consider a potentially dispositive defense motion before granting a plaintiff’s section 2–1009 motion. 
Bochantin v. Petroff
, 145 Ill. 2d 1, 7 (1991). In our view, both 
Gibellina
 and 
Morrison
 stand for the proposition that a plaintiff’s right to a voluntarily dismissal is not always absolute.

Defendants insist that the first qualification identified in 
Morrison
 is at play in this case because they had filed motions to dismiss pursuant to section 2–615 prior to plaintiff’s filing of his motion for voluntary dismissal. We disagree.

Defendants’ motions challenged the sufficiency of the facts alleged by plaintiff to state a cause of action. Generally, such a motion, if successful, will not result in a final disposition of the case. That is so because there exists in this state a policy, long adhered to by our courts, that favors an adequate and appropriate hearing of a litigant’s claim on the merits, and it is well established that a cause of action should not be dismissed with prejudice unless it is clear that no set of facts can be proved under the pleading which would entitle the plaintiff to relief. See, 
e.g.
, 
Brown Leasing, Inc. v. Stone
, 284 Ill. App. 3d 1035, 1045 (1996); 
Bowe v. Abbott Laboratories, Inc.
, 240 Ill. App. 3d 382 (1992). See also 30 Ill. L. & Prac. 
Pleading
 §227, at 195 (1993) (noting that “[w]here a motion to strike or dismiss a pleading is granted, leave to plead over or to file an amended pleading is a matter within the discretion of the court. In an appropriate case, a complaint may be dismissed with leave granted to plead over, or the plaintiff may seek to plead over within thirty days after dismissal of a complaint where the dismissal is based on a technicality or other matter that may be cured by the filing of an amended complaint”).

The circuit court resolved defendants’ motions to dismiss in the order it entered on February 27, 2001. The order stated that plaintiff’s count III was dismissed and that plaintiff would be allowed 60 days leave to amend. The court’s decision to grant leave to amend indicates that defendants’ motions were not final dispositions of the case, and thus it cannot be considered a final order. In our view, the reasons for characterizing the order in such fashion are best illustrated by the decision of the United States Supreme Court in 
Jung v. K.&D. Mining Co.
, 356 U.S. 335, 2 L. Ed. 2d 806, 78 S. Ct. 764 (1958). In that case, the district court had dismissed the complaint on May 10, 1955, and had granted the plaintiffs “ ‘twenty days *** within which to file an amended complaint.’ ” 
Jung
, 356 U.S. at 336, 2 L. Ed. 2d at 807, 78 S. Ct. at 765. The district court later granted the plaintiffs an extension of 20 more days to file an amended complaint. No amendment was filed within the allotted time. Rather, after the passage of about two years, the plaintiffs informed the district court that they chose to stand on their complaint. The district court dismissed the action in an order entered March 25, 1957, and the plaintiffs appealed. The defendant moved to dismiss the appeal, arguing that the appeal came two years after the district court had issued its judgment. The Court of Appeals for the Seventh Circuit agreed, holding that “the order of May 27, 1955, became the District Court’s final judgment in the case when petitioners failed to file an amended complaint within the 20 days thereby allowed for that purpose.” 
Jung
, 356 U.S. at 336, 2 L. Ed. 2d at 807, 78 S. Ct. at 765. The Supreme Court disagreed:

“We think that the District Court’s order of May 27, 1955, denying petitioners’ motion to vacate the order of May 10, 1955, but granting further leave to petitioners to amend their complaint, did not constitute the final judgment in the case. It did not direct ‘that all relief be denied’ [citation] but left the suit pending for further proceedings ‘either by amendment of the [complaint] or entry of final judgment.’ [Citation.]” 
Jung
, 356 U.S. at 336-37, 2 L. Ed. 2d at 807-08, 78 S. Ct. at 765-66.

The Supreme Court further noted the following:

“Although to be sure nearly two years elapsed between the time petitioners were given leave to file an amended complaint and their motion of March 25, 1957, the defendants also did not, as they so easily could have done, nor did the District Court exercising power 
sua sponte
 over its own calendar, take any step to put a definitive end to the case and thereby fix an unequivocal terminal date for appealability. The undesirability of useless delays in litigation is more than offset by the hazards of confusion or misunderstanding as to the time for appeal.” 
Jung
, 356 U.S. at 337, 2 L. Ed. 2d at 808, 78 S. Ct. at 766.

The reasoning behind the Supreme Court’s decision in 
Jung
 aptly reveals why Illinois courts have likewise held that such orders are not final. See 
Doner v. Phoenix Joint Stock Land Bank of Kansas City
, 381 Ill. 106 (1942); 
Cole v. Hoogendoorn, Talbot, Davids, Godfrey & Milligan
, 325 Ill. App. 3d 1152 (2001).

The foregoing discussion demonstrates why the appellate court correctly ruled, in its order dismissing plaintiff’s second appeal for lack of jurisdiction, that the circuit court’s order of February 2001 was not final. As the United States Supreme Court made clear in 
Jung
, the February 27 order left only an amendment or a final order as the remaining matter pending in the suit. In this court, plaintiff contends, as did the dissenting justice in the appellate court, that because defendants’ section 2–615 motions would not have resulted in a final disposition of the case until at least after the expiration of 60 days, plaintiff enjoyed, up until the expiration of that passage of time, the unfettered right to take a voluntary dismissal. Plaintiff argues that he need not have amended count III of his complaint before seeking the voluntary dismissal.

Defendants reply that, under section 2–1009, the circuit court had the discretion to deny plaintiff’s motion for voluntary dismissal because the court had previously ruled on defendants’ section 2–615 motions and that the court’s decision to grant plaintiff a finite amount of time in which to amend reveals that the circuit court considered its ruling on defendants’ motions to be potentially with prejudice.

In the present case, it is true that defendants challenged the sufficiency of count III by way of a section 2–615 motion on December 29, 2000, and that the circuit court heard the motion prior to plaintiff’s filing of his motion to voluntarily dismiss. The court had, in fact, ruled in defendants’ favor by dismissing count III. Contrary to defendants’ claims, however, that ruling did not have the effect of a final disposition of the case because the court made the dismissal without prejudice and gave plaintiff 60 days in which to file an amendment. As we have explained, the order of February 27 was not a final order. An order striking or dismissing a complaint is not final until the circuit court enters an order dismissing the suit. 
Cole
, 325 Ill. App. 3d at 1153-54. See also 30 Ill. L. & Prac. 
Pleading
 §227, at 194 n.11 (1993) (acknowledging that “[a] final judgment, order, or decree following sustaining of motion to dismiss complaint should not merely sustain motion and dismiss complaint but should adjudge, in substance, that plaintiff take nothing and that defendant go hence without day, or certain words or phrases of equivalent import and meaning”). We must stress that no such order was entered in this case. Moreover, the circuit court made clear that no such order would be entertained until at least after the passage of 60 days. For all we know, the circuit court might even have allowed plaintiff more time to amend had plaintiff sought leave to do so. We stress, as the United States Supreme Court in 
Jung
 stressed under similar facts, that the circuit court’s order did not direct that the requested relief be denied but, rather, left the suit pending for further proceedings.

In our view, because the order of February 27 expressly left the suit pending for further proceedings, the order not only allowed plaintiff the opportunity to amend, but also allowed plaintiff to pursue other options available to him during this 60-day time frame besides filing the amendment. Plaintiff could have chosen to stand on his complaint and sought an order dismissing the complaint with prejudice, as a means of obtaining a final, appealable judgment. See, 
e.g
., 
Miller v. Suburban Medical Center at Hoffman Estates, Inc.
 184 Ill. App. 3d 545 (1989); 
Schoen v. Caterpillar Tractor Co
., 77 Ill. App. 2d 315 (1966). He also could have elected, as he did here, to voluntarily dismiss the count because the upshot of the court’s February 27 order was that the granting of defendants’ section 2–615 motion would be considered to be 
with 
prejudice only
 after
 the expiration of the 60-day period. Under these circumstances, the circuit court should have allowed plaintiff to seek a voluntary dismissal up until the expiration of the 60-day period to amend. In its order, entered on May 2, the circuit court stated that plaintiff failed to act within the 60-day time period. Clearly this was error. We note that plaintiff’s motion to voluntarily dismiss was filed on April 12, 2001, on day 48 of the 60-day time period set forth in the February 27 order. The circuit court erred in its calculation that the 60-day period had passed without any action on plaintiff’s part. This is not the case where the plaintiff waited until the sixty-first day to seek voluntary dismissal. Because plaintiff acted within the period of time left open for amendment, we believe his right to a voluntary dismissal was intact.

Were we to hold otherwise, we would, in effect, be requiring a litigant to proffer an amendment in one hand and a motion to voluntarily dismiss in the other. We do not believe such actions would serve any useful purpose. The effect of the circuit court’s order of February 27 was to keep the suit pending for at least another 60 days. In our view, as long as plaintiff enjoyed the right to amend count III, he also enjoyed his right to seek a voluntary dismissal.

Conclusion

In light of the above, the judgments of the appellate court and circuit court are reversed and the matter is remanded to the circuit court with directions to allow plaintiff to voluntarily dismiss his cause of action for inverse condemnation.

Reversed and remanded.

FOOTNOTES
1:     
1
Plaintiff has appeared 
pro se
 throughout the course of this litigation.

2:     
2
In the legal memorandum filed by the Airport in support of its motion to dismiss, the Airport appears to have abandoned its assertion of federal preemption 
vis à vis
 the inverse condemnation count. In the memorandum, the Airport argued that count III failed to allege “facts which would support a claim of ‘taking’ of plaintiff’s property, for purposes of inverse condemnation.”

3:     
3
The appellate court ultimately affirmed the circuit court’s actions in an unpublished order filed on October 1, 2001. 
Smith v. Central Illinois Regional Airport
, No. 4–01–0168 (October 1, 2001) (unpublished order under Supreme Court Rule 23).