2015 IL App (4th) 140613
NO. 4-14-0613

FILED
June 4, 2015
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| MICHAEL RICHTER and DENISE RICHTER, d/b/a RICH-LANE FARMS, | ) ) | Appeal from Circuit Court of |
| Plaintiffs-Appellants, | ) | Macoupin County |
| v. | ) | No. 14L4 |
| PRAIRIE FARMS DAIRY, INC., | ) | |
| Defendant-Appellee, | ) | |
| and | ) | |
| THE BOARD OF DIRECTORS OF PRAIRIE FARMS DAIRY, INC., and EDWARD MULLINS, | ) ) ) | Honorable Patrick J. Londrigan, |
| Defendants. | ) | Judge Presiding. |

PRESIDING JUSTICE POPE delivered the judgment of the court, with opinion.
Justices Turner and Steigmann concurred in the judgment and opinion.

**OPINION**

¶ 1       In October 2006, plaintiffs, Michael and Denise Richter, doing business as Rich-Lane Farms, filed suit against defendant, Prairie Farms Dairy, Inc., in Madison County case No. 06-L-892   (*Richter I*).  Count I of plaintiffs' complaint alleged shareholder remedies under section 12.56 of the Business Corporation Act of 1983 (805 ILCS 5/12.56 (West 2006)), count II alleged violations under section 10a of the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/10a (West 2004)), and count III alleged common-law fraud.  In September 2007, the circuit court granted defendant's motion to dismiss counts II and III for failure to state a claim.

¶ 2        On September 7, 2012, the circuit court allowed plaintiffs' motion to voluntarily dismiss the suit pursuant to section 2-1009 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1009 (West 2012)).  On September 6, 2013, within one year of the voluntary dismissal, plaintiffs refiled their action in Madison County case No. 13-L-1522 (*Richter II*), adding Prairie Farms Board of Directors and Edward Mullins as named defendants.  When we refer to "defendant," we mean Prairie Farms Dairy, Inc., as the record does not reflect service on the Board of Directors or Mullins.  The refiled complaint contained four counts:  shareholder remedies, misrepresentation, common-law fraud, and breach of fiduciary duty.  In December 2013, the court granted defendant's motion to transfer venue to Macoupin County under Macoupin County case No. 14-L-4.  In June 2014, the court granted defendant's motion to dismiss the refiled action on grounds it was barred by *res judicata* and the statute of limitations.

¶ 3        Plaintiffs appeal, arguing their refiled complaint is not barred by *res judicata* or the statute of limitations.  We agree, and we reverse and remand for further proceedings.

¶ 4                            I. BACKGROUND

¶ 5        The following facts are taken from the parties' pleadings, orders of record, and docket entries contained in the record on appeal.  Defendant is a cooperative organized under the Agricultural Co-Operative Act (Ill. Rev. Stat. 1971, ch. 32, ¶¶ 440 to 473 (now codified at 805 ILCS 315/1 to 33 (West 2012))) and is in the business of producing and supplying dairy products.  Plaintiffs are partners engaged in the business of dairy farming.  In August 1980, the parties entered into a "Milk Marketing Agreement," whereby plaintiffs agreed to provide defendant with whole milk and defendant agreed to market and sell the milk.  Plaintiffs also purchased, in the amount of $15, shares of common stock issued by defendant and became members of its cooperative.

¶ 6        In a letter dated October 6, 2005, defendant notified plaintiffs it was terminating the Milk Marketing Agreement as well as plaintiffs' membership in the cooperative.  The letter explained plaintiffs "were no longer marketing milk as an active producer of Prairie Farms, as set forth in the By-Laws, at the end of the fiscal year ending 9/30/05."  Defendant tendered $15 to plaintiffs to redeem the shares of common stock, but plaintiffs have rejected the payment.

¶ 7                    A. Plaintiffs' Original Lawsuit—*Richter I*

¶ 8        In October 2006, plaintiffs filed a three-count complaint, seeking recovery for damages they sustained as a result of defendant's decision to terminate the Milk Marketing Agreement and plaintiffs' membership in the cooperative.  Count I alleged defendant acted in an illegal or oppressive manner and sought shareholder remedies under the Business Corporation Act of 1983 (805 ILCS 5/12.56 (West 2006)).  Counts II and III of the complaint asserted claims for violations of the Consumer Fraud Act and common-law fraud, respectively, based on defendant's concealment, suppression, or omission of its interpretation of section 8 of the Milk Marketing Agreement.

¶ 9        Defendant moved to dismiss all three counts pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2006)), asserting plaintiffs failed to state a claim upon which relief may be granted.  On September 26, 2007, Madison County circuit judge Daniel Stack ruled on defendant's motion in a written order:

> "Defendant's Motion to Dismiss as to Counts I, II, and III
> are heard and argued.
>
> Defendant's motion as to Count I is denied.
>
> Defendant's Motion to Dismiss as to Counts II and III are
> granted.

Plaintiff given leave to file amended complaint within 30 days.

Defendant given leave to file response to amended complaint within 30 days after plaintiff's filing of the same.

Defendant to answer Count I within 30 day of todays order."

On October 24, 2007, plaintiffs sought an extension of time to file an amended complaint. On November 28, 2007, the circuit court granted plaintiffs an extension of 120 days; however, plaintiffs never filed an amended complaint. Instead, plaintiffs chose to proceed on their sole remaining claim for shareholder remedies.

¶ 10         In June 2008, the case was reassigned to Madison County circuit judge David Hylla.

¶ 11         In June 2011, the circuit court entered an order allowing plaintiffs' attorney to withdraw. The court stayed discovery deadlines and granted plaintiffs a continuance to find a new attorney. In November 2011, Todd Sivia entered an appearance on plaintiffs' behalf. Beginning in February 2012, counsel for plaintiffs sought extensions of time to disclose additional experts and comply with outstanding discovery requests. The court entered an order on July 13, 2012, granting plaintiffs 30 days to disclose additional experts. On August 13, 2012, plaintiffs filed a motion for an extension of two weeks to disclose expert witnesses.

¶ 12         On September 7, 2012, Judge Hylla denied plaintiffs' request for a continuance. After the circuit court denied plaintiffs' request for a continuance, plaintiffs moved to voluntarily dismiss their cause of action, without prejudice, pursuant to section 2-1009 of the Code (735

ILCS 5/2-1009 (West 2012)).  Judge Hylla granted plaintiffs' motion in a written order entered at the September 7, 2012, hearing.

¶ 13                              B. Plaintiffs' Second Lawsuit—*Richter II*

¶ 14            On September 6, 2013, plaintiffs refiled their action under section 13-217 of the Code (735 ILCS 5/13-217 (West 2012)).  The refiled complaint consisted of four counts and sought shareholder remedies based on the illegal or oppressive acts as set forth in count I of the previous complaint and common-law fraud as alleged in count III of the prior complaint. Additionally, the refiled complaint raised two new claims for misrepresentation and breach of fiduciary duty.

¶ 15            In December 2013, Madison County circuit court judge A.A. Matoesian granted defendant's motion to transfer venue to Macoupin County.

¶ 16            In February 2014, defendant filed a combined motion to dismiss *Richter II* pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2012) (allowing combined motions under section 2-615 (735 ILCS 5/2-615 (West 2012)) and section 2-619 (735 ILCS 5/2-619 (West 2012))).  In the section 2-619(a)(4) portion of its motion, defendant claimed the dismissal of plaintiffs' fraud claims in *Richter I* constituted a final adjudication on the merits and *res judicata* barred not only matters raised in the first action, but also matters that could have been determined in the original action.  Defendant also moved to dismiss under section 2-619(a)(5), arguing plaintiffs' claims for misrepresentation, fraud, and breach of fiduciary duty were barred by the five-year statute of limitations (735 ILCS 5/13-205 (West 2012)).  In the section 2-615 portion of its motion, defendant sought dismissal of the refiled complaint for failure to state a cause of action.  In defendant's May 21, 2014, reply in support of its motion to dismiss, defendant contended the refiled action was barred by the doctrine of *laches*.

¶ 17        On June 2, 2014, following a hearing on the motion to dismiss, Macoupin County circuit judge Patrick J. Londrigan granted defendant's motion to dismiss by way of docket entry:

> "Cause called for hearing.  Mr. Marks present for plaintiff.  Mr. Shoemaker present for defendant.  Defendant's Motions to Dismiss argued.  Case Authority reviewed.  Prior Madison County case reviewed including all docket entries.  The Court grants the defendant's Motion to Dismiss pursuant to 2-619(4) and 2-619(5).  In addition, Mr. Edward Mullins is dismissed as a party defendant.  Case dismissed; cause stricken.  The Court finds no reason to delay the appeal in this matter.  Clerk is directed to send a copy of this docket entry to attorneys of record."

No written order, transcript, or bystander's report of the hearing is contained in the record on appeal.

¶ 18        This appeal followed.

¶ 19                                II. ANALYSIS

¶ 20        Plaintiffs argue the circuit court erred in dismissing their refiled complaint on the ground of *res judicata* because the order dismissing the fraud counts in *Richter I* was not a final judgment.  Plaintiffs further argue the court erred in dismissing their refiled complaint as time-barred because it was a timely refiled new cause of action pursuant to section 13-217 of the Code (735 ILCS 5/13-217 (West 2012)).

¶ 21                                A. *Res Judicata*

¶ 22        The first issue in this case is whether the dismissal of plaintiffs' fraud claims and subsequent voluntary dismissal of their shareholder-remedies claim in *Richter I* barred the

refiling of their lawsuit in *Richter II* under the doctrine of *res judicata.* We review a section 2-619 dismissal *de novo.* *Citizens Opposing Pollution v. ExxonMobil Coal U.S.A.*, 2012 IL 111286, ¶ 22, 962 N.E.2d 956. Likewise, whether a claim is barred under the doctrine of *res judicata* is a question of law, which we review *de novo.* *Arvia v. Madigan,* 209 Ill. 2d 520, 526, 809 N.E.2d 88, 93 (2004).

¶ 23         " 'The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action.' " *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467, 889 N.E.2d 210, 213 (2008) (quoting *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334, 665 N.E.2d 1199, 1204 (1996)). "*Res judicata* bars not only what was actually decided in the first action but also whatever could have been decided." *Id.* "Three requirements must be satisfied for *res judicata* to apply:  (1) a final judgment on the merits has been rendered by a court of competent jurisdiction; (2) an identity of cause of action exists; and (3) the parties or their privies are identical in both actions." *Id.* "The burden of showing that *res judicata* applies is on the party invoking the doctrine." *Hernandez v. Pritikin*, 2012 IL 113054, ¶ 41, 981 N.E.2d 981.

¶ 24         Here, plaintiffs do not dispute the second and third elements of *res judicata* are met. Plaintiffs contend, however, the first element is not satisfied because the order dismissing the fraud counts in *Richter I* was not a final judgment as it was made without prejudice and granted plaintiffs leave to amend.

¶ 25         "A final judgment has been defined as 'a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit.' " (Emphasis omitted.) *Id.* ¶ 47, 981 N.E.2d 981 (quoting *Flores v.*

*Dugan*, 91 Ill. 2d 108, 112, 435 N.E.2d 480, 482 (1982)).  An order dismissing a complaint but granting leave to replead is not final until the trial court enters an order dismissing the suit with prejudice.  *Id.* ¶¶ 46-47, 981 N.E.2d 981; *Smith v. Central Illinois Regional Airport*, 207 Ill. 2d 578, 587, 802 N.E.2d 250, 256 (2003).

¶ 26        In this case, the September 26, 2007, order states, "counts II and III are dismissed and plaintiff is given 30 days to file an amended complaint."  The dismissal was based on a pleading deficiency pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2006)), challenging the sufficiency of the facts alleged by plaintiffs to state a cause of action.  Generally, a section 2-615 motion, if successful, will not result in a final disposition of the case because "a cause of action should not be dismissed with prejudice unless it is clear that no set of facts can be proved under the pleading which would entitle the plaintiff to relief."  *Smith*, 207 Ill. 2d at 584-85, 802 N.E.2d at 254.  By granting plaintiffs leave to replead, the circuit court determined the pleadings could be cured in an amended complaint.  Judge Stack's written order provides no indication anything was "absolutely and finally" settled when he dismissed the fraud claims, as he gave plaintiffs leave to file "an amended complaint."  Rather, the court's order left the suit pending for further proceedings.  No restrictions or limitations were placed on the content of the complaint and the order contains no language suggesting a final ruling was rendered or any part of the case was dismissed with prejudice.  The court's decision to grant plaintiffs leave to amend indicates there had been no final disposition of the case and thus cannot be considered a final order.

¶ 27        Defendant argues even though the dismissal order granted plaintiffs leave to amend, plaintiffs' failure to do so within the time allowed by the circuit court operates as a final adjudication upon the merits.  Defendant cites *Smith* in support of its argument.

¶ 28    In *Smith*, the trial court granted the plaintiff 60 days to amend the complaint.  The plaintiff did not amend, but he instead filed a motion to voluntarily dismiss under section 2-1009 of the Code within the 60-day period.  Our supreme court held the trial court should have allowed the plaintiff's voluntary dismissal because it was within the period given for leave to amend.  The court noted because the order expressly left the suit pending for further proceedings, the plaintiff was allowed not only to amend the complaint, but also to pursue any other option available during the 60-day time frame, including standing on the complaint and seeking an order to dismiss with prejudice in order to obtain a final judgment.  *Id.* at 588, 802 N.E.2d at 256.  The plaintiff "also could have elected, as he did here, to voluntarily dismiss the count because the upshot of the court's February 27 order was that the granting of defendants' section 2-615 motion would be considered to be *with* prejudice only *after* the expiration of the 60-day period."  (Emphasis in original.)  *Id*.

¶ 29    Defendant's narrow reading of *Smith* goes beyond the precedential scope of the decision.  In *Apollo Real Estate Investment Fund, IV, L.P. v. Gelber*, 398 Ill. App. 3d 773, 785, 935 N.E.2d 949, 960 (2009), the First District explained as follows:

> "One might conclude from [the] language [in *Smith*] that,
> conversely, in situations manifested by the facts at bar where
> parties file a voluntary dismissal after the expiration of the leave to
> amend period, the dismissal order would be considered with
> prejudice and a final adjudication.  However, the supreme court did
> not reach the precise issue presented here.  Further, it has not
> overruled the prior Illinois cases holding that dismissal orders
> granting leave to replead are not final until the trial court enters an

order dismissing the suit with prejudice, and where the time to amend expires the trial court still retains jurisdiction."

We further note, although the circuit court set a deadline for plaintiffs to file their amended complaint, it was within the court's discretion to extend that deadline, even well after the original deadline. See *Richardson v. Economy Fire & Casualty Co.*, 109 Ill. 2d 41, 46, 485 N.E.2d 327, 329 (1985) (Since an order dismissing a complaint with leave to amend is not a final order, "the trial court retained jurisdiction to permit the filing of the amended complaint, even though the time limit set by the court had long since passed."). Indeed, the circuit court in this case had previously granted plaintiffs a 120-day extension. For all we know, the court might even have allowed plaintiffs more time to amend had plaintiffs sought leave to do so. Accordingly, the order dismissing the fraud counts did not automatically become a final judgment simply because plaintiffs failed to file an amended complaint.

¶ 30        In urging this court to affirm the dismissal of plaintiffs' complaint in *Richter II* on the basis of *res judicata*, defendant contends this case is governed by our supreme court's decisions in *Rein*, 172 Ill. 2d at 331, 665 N.E.2d at 1202, and *Hudson*, 228 Ill. 2d at 465-66, 889 N.E.2d at 212-13. We find *Rein* and *Hudson* distinguishable.

¶ 31        In *Rein*, the plaintiffs' complaint sought recovery under a variety of theories, including common-law fraud and rescission. The trial court dismissed the rescission counts with prejudice and the plaintiffs moved to voluntarily dismiss their remaining common-law claims. *Rein*, 172 Ill. 2d at 329-30, 665 N.E.2d 1202. In *Hudson*, the plaintiffs filed a complaint against the municipal defendants, alleging negligence and willful and wanton misconduct in responding to an emergency call regarding their son. The trial court dismissed the negligence count with prejudice and later granted the plaintiffs' motion to voluntarily dismiss the willful and wanton

misconduct count. *Hudson*, 228 Ill. 2d at 465-66, 889 N.E.2d 212. In both *Rein* and *Hudson*, the supreme court held a plaintiff who splits his claims by voluntarily dismissing and refiling part of an action after a final judgment has been entered on another part of the case subjects himself to a *res judicata* defense. *Id.* at 467-68, 889 N.E.2d at 213-14; *Rein*, 172 Ill. 2d at 337-39, 665 N.E.2d at 1205-06. Thus, as in *Rein*, the plaintiffs in *Hudson* commenced a new action after part of their original cause of action had gone to final judgment in a previous case and *res judicata* barred the plaintiffs' refiled complaint. *Hudson*, 228 Ill. 2d at 483-84, 889 N.E.2d at 223.

¶ 32    We find the reasoning in *Rein* and *Hudson* inapplicable. As discussed above, the doctrine of *res judicata* cannot apply in this case because, unlike in *Rein* and *Hudson*, the circuit court's order dismissing the fraud counts in *Richter I* was not a final judgment. Accordingly, plaintiffs did not commence *Richter II* after part of their original cause of action had gone to final judgment.

¶ 33    We further reject defendant's assertion the dismissal order became a final judgment when the circuit court granted plaintiffs' motion to voluntarily dismiss their remaining shareholder-remedies count in *Richter I*. "While *Hudson* stands for the proposition that a voluntary dismissal terminates the suit in its entirety, rendering all final orders immediately appealable (*Hudson*, 228 Ill. 2d at 468, 889 N.E.2d at 214), we find no authority for the proposition that a nonfinal order becomes final upon voluntary dismissal of a suit." *Piagentini v. Ford Motor Co.*, 387 Ill. App. 3d 887, 895, 901 N.E.2d 986, 995 (2009) (citing *Jackson v. Victory Memorial Hospital*, 387 Ill. App. 3d 342, 352, 900 N.E.2d 309, 318 (2008)). Defendant's argument conflicts with the rule articulated in *Hudson* and *Rein*, which provides the doctrine of *res judicata* will bar a later action to litigate unresolved claims that were voluntarily dismissed *after* part of the plaintiffs' cause of action has proceeded to final judgment. *Hudson*,

- 11 -

228 Ill. 2d at 473, 889 N.E.2d at 217; *Rein*, 172 Ill. 2d at 337-39, 665 N.E.2d at 1205-06. Here, the voluntary dismissal did not occur following the entry of a final judgment. Since the September 26, 2007, order was not an adjudication on the merits of any of plaintiff's claims in *Richter I*, the doctrine of *res judicata* cannot apply.

¶ 34    We also reject defendant's argument, pursuant to Illinois Supreme Court Rule 273 (eff. July 1, 1967), the dismissal in *Richter I* "operates as an adjudication upon the merits." Rule 273 states, "[u]nless the order of dismissal or a statute of this State *otherwise specifies*, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." (Emphasis added.) Ill. S. Ct. R. 273 (eff. July 1, 1967). Here, the dismissal order "otherwise specifies" plaintiffs are granted 30 days to file an amended pleading. Thus, the order was not "an adjudication upon the merits." See *Hernandez*, 2012 IL 113054, ¶ 47, 981 N.E.2d 981 (finding " 'no adjudication upon the merits' " for purposes of Rule 273 where " 'the order of dismissal' " " 'otherwise specifies' " plaintiffs are granted leave to file an amended complaint).

¶ 35    We note although nearly five years elapsed between the time plaintiffs were given leave to file an amended complaint and their voluntary dismissal, defendant did not take any steps to put a definitive end to the case by filing a motion to dismiss the fraud counts with prejudice. Defendant's inaction in the circuit court and failure to obtain a definitive ruling does not merit the application of *res judicata*. See *Hernandez*, 2012 IL 113054, ¶ 41, 981 N.E.2d 981 ("a movant has the responsibility to obtain a definitive ruling"  (emphasis omitted)).

¶ 36    In sum, we find defendant, as the party seeking to invoke the doctrine of *res judicata*, and as the litigant responsible for obtaining rulings on its motions, has failed to carry its

burden of proving a final judgment was entered upon the merits. Since the dismissal order in

*Richter I* was not a final order, *res judicata* does not bar plaintiffs' refiled suit against defendant.

¶ 37                                    B. Statute of Limitations

¶ 38           We next address whether the circuit court erred when it granted defendant's

section 2-619(a)(5) motion to dismiss *Richter II* as barred by the five-year statute of limitations

(735 ILCS 5/13-205 (West 2004)). "The applicability of a statute of limitations to a cause of

action presents a legal question we review *de novo*." *Travelers Casualty & Surety Co. v.*

*Bowman*, 229 Ill. 2d 461, 466, 893 N.E.2d 583, 587 (2008).

¶ 39           Plaintiffs assert their refiled claims are saved by section 13-217 of the Code (735

ILCS 5/13-217 (West 2012)), which gives plaintiffs a one-time right to refile within one year of

the voluntary dismissal, even if the statute of limitations has expired. Defendant maintains

plaintiffs' claims for misrepresentation, fraud, and breach of fiduciary duty are time-barred

because they were not commenced within the five-year statute of limitations. We agree with

plaintiffs.

¶ 40           Section 13-217 operates as a limitations savings statute, with the purpose of

facilitating the disposition of litigation on the merits and avoiding frustration upon grounds

unrelated to the merits. *Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207, 215, 880 N.E.2d

171, 176 (2007). Section 13-217 grants a plaintiff who voluntarily dismisses his complaint the

right to refile within "one year or within the remaining period of limitation, whichever is

greater." 735 ILCS 5/13-217 (West 2012). An action refiled pursuant to section 13-217 is a new

action, not a reinstatement of the old action. *Dubina v. Mesirow Realty Development, Inc.*, 178

Ill. 2d 496, 504, 687 N.E.2d 871, 875 (1997). Section 13-217 is remedial in nature and should be

liberally construed in favor of hearing a plaintiff's claim. *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 106, 672 N.E.2d 1207, 1223 (1996).

¶ 41  Here, counts II through IV of plaintiffs' complaint in *Richter II* alleged causes of action sounding in fraud, which permits a statute of limitations period of five years from the date the cause of action accrued. 735 ILCS 5/13-205 (West 2004). Since the cause of action accrued on October 5, 2005, the statute of limitations period expired on October 6, 2010. *Richter I* was filed in October 2006, which was well within the limitations period. (We note plaintiffs' claims for shareholder remedies and violations of the Consumer Fraud Act were also filed within the applicable limitations period.) After plaintiffs voluntarily dismissed *Richter I*, however, they had the right to refile within one year, even if the statute of limitations had expired. 735 ILCS 5/13-217 (West 2012). Therefore, plaintiffs had until September 7, 2013, one year from the voluntary dismissal, to refile the dismissed cause of action. Accordingly, plaintiffs timely refiled their cause of action against defendant on September 6, 2013, prior to the expiration of the section 13-217 period.

¶ 42  Defendant argues "plaintiffs could only refile a new action as to those claims that were voluntarily dismissed," and since plaintiffs' claim for common-law fraud was involuntarily dismissed and never reinstated, that claim is not subject to refiling under section 13-217. We disagree. As already discussed, the fraud claims in *Richter I* were dismissed without prejudice and, thus, remained viable. We also reject defendant's argument plaintiffs may not raise new claims in a refiled action. A refiled action under section 13-217 is a new lawsuit and a plaintiff may raise additional theories of liability. See *Gelber*, 398 Ill. App. 3d at 786, 935 N.E.2d at 961 (holding plaintiffs' claims for unjust enrichment, raised for the first time in the refiled action, was timely raised within one year after the voluntary dismissal). Defendant cites no authority, and

we have found none, holding otherwise. Plaintiffs' claims for misrepresentation and breach of fiduciary duty clearly grew out of the same transaction or occurrence set up in the original pleading. Defendant was thus clearly aware, within the limitations period, of the relevant facts underlying the alleged misrepresentation and breach-of-fiduciary-duty claims and was afforded sufficient opportunity to investigate the circumstances upon which plaintiffs were attempting to impose liability.

¶ 43    Finally, defendant asserts plaintiffs' common-law-fraud claim is barred by the doctrine of *laches*. Plaintiffs' reply brief does not respond to defendant's *laches* argument and the trial court did not rule on defendant's *laches* argument. "It is quite established that 'the appellee may urge any point in support of the judgment on appeal, even though not directly ruled on by the trial court, so long as the factual basis for such point was before the trial court.' " *Beahringer v. Page*, 204 Ill. 2d 363, 370, 789 N.E.2d 1216, 1222 (2003) (quoting *Shaw v. Lorenz*, 42 Ill. 2d 246, 248, 246 N.E.2d 285, 287 (1969)). Application of the equitable remedy of *laches*, "requires a showing of lack of due diligence by the party asserting the claim and prejudice to the party asserting the doctrine." *People v. Wells*, 182 Ill. 2d 471, 490, 696 N.E.2d 303, 312 (1998). "The determination of whether *laches* applies depends on the facts and circumstances of each case and lies within the sound discretion of the trial court." *Negron v. City of Chicago*, 376 Ill. App. 3d 242, 247, 876 N.E.2d 148, 153 (2007). Because application of the equitable defense of *laches* is a matter particularly well-suited for the trial court to address in its discretion, we decline to affirm the trial court's judgment on that basis.

¶ 44    In sum, we find plaintiffs' 2013 complaint was a permissible refiling of the cause of action under section 13-217 of the Code, and as such, plaintiffs could assert new theories of relief or recovery pertaining to defendant's termination of the Milk Marketing Agreement and

- 15 -

plaintiffs' membership in the cooperative. Therefore, the circuit court erroneously dismissed *Richter II* with prejudice.

¶ 45                                          III. CONCLUSION

¶ 46          For the foregoing reasons, we reverse the circuit court's judgment and remand the matter for further proceedings.

¶ 47          Reversed and remanded.